263 So.2d 593 (1972)
GENERAL ELECTRIC CREDIT CORPORATION, a New York Corporation, Appellant,
v.
HOLLYWOOD BANK AND TRUST COMPANY, a Florida Banking Corporation, et al., Appellees.
No. 71-1388.
District Court of Appeal of Florida, Third District.
June 6, 1972.
Rehearing Denied July 12, 1972.
*594 Gunn & Venney, Miami, for appellant.
Feibelman, Friedman, Britton & Stettin, Fort Lauderdale, Robert L. Shevin, Atty. Gen., and Joseph C. Mellichamp III, Asst. Atty. Gen., Tallahassee, for appellees.
Before PEARSON and CHARLES CARROLL, JJ., and HOWELL, CHARLES COOK, Jr., Associate Judge.
PEARSON, Judge.
The appellant, General Electric Credit Corporation, was the defendant in the circuit court in an action for declaratory judgment brought by the Hollywood Bank and Trust Company. The Bank sought a ruling that its lien on a certain motor vessel was superior to General Electric's lien. The court held the Bank's lien superior and General Electric brings this appeal.
The trial judge set forth the facts as follows:
"1. PETER KING purchased a 1969 35-ft. Chris Craft boat, Serial No. 35-0087H, on July 3, 1969, in Connecticut, financing the purchase by means of a security agreement which was assigned to GENERAL ELECTRIC CREDIT CORPORATION.
"2. GENERAL ELECTRIC CREDIT CORPORATION perfected its security interest in the boat by filing financing statements with the Secretary of State of the State of Connecticut and the Secretary of State of New York on July 14, 1969.
"3. PETER KING removed the boat to Dade County, Florida, in November, 1969, where it remained continuously through September, 1970.
"4. GENERAL ELECTRIC CREDIT CORPORATION has never perfected any security interest in the boat in Florida.
"5. On July 22, 1970, PETER KING applied for a boat Certificate of Title in Florida, falsely stating the vessel was free of liens. The title was issued free of encumbrances by the Board of Conservation of the State of Florida on July 23, 1970.
"6. PETER KING thereafter sold the boat to the defendant, H. HAMBY HUTCHESON, who purchased for value without notice of any defects. A boat Certificate of Title in the name of H. HAMBY HUTCHESON was issued free of encumbrances by the Board of Conservation on July 24, 1970.
"7. H. HAMBY HUTCHESON financed the purchase of the boat from PETER KING by means of a loan of $26,707.20 from the HOLLYWOOD BANK AND TRUST COMPANY on July 23, 1970. This loan was secured by a security agreement on the boat, perfected by noting the lien on the boat Certificate of Title issued to H. HAMBY HUTCHESON on July 24, 1970, as required by Section 371.81, Florida Statutes.
"8. THE HOLLYWOOD BANK AND TRUST COMPANY advanced these monies to H. HAMBY HUTCHESON in good faith, without notice of any defects or liens against the boat.
"9. GENERAL ELECTRIC CREDIT CORPORATION thereafter, on September 9, 1970, replevied the boat by Writ of Replevin issued in Case No. 70-16354 in the Circuit Court of the Eleventh Judicial Circuit, removed it to New York State, and thereafter to Connecticut, where it purchased the boat at a public sale on December 7, 1970."
The trial judge found that the Bank's lien which had been properly perfected in Florida was superior because the boat had been in Florida waters for some ten months when the Bank's lien was perfected. During the ten month period, General *595 Electric had made no effort to protect its lien in any way.
On this appeal appellant urges two points of law. The first urges that the perfected purchase money security interest from a foreign state is enforceable in Florida without the perfection of the Florida security interest. The second point urges that we should interpret the Uniform Commercial Code as incorporated in Fla. Stat. § 679.9-103, F.S.A.,[1] so that it will not arbitrarily extinguish the effectiveness of a foreign state's purchase money security interest. In effect, appellant's brief challenges the constitutionality of Fla. Stat. § 679.9-103, F.S.A., but during oral argument appellant's counsel announced that the Supreme Court of Florida had dismissed a similar appeal, and therefore he would no longer argue the statute's constitutionality. We have carefully reexamined the facts in this case and we hold that the trial court correctly found that the cited section was determinative of the case. We are cognizant of the apparent injustice to the holder of a purchase money security interest who fails to register his lien in this state after a motor vessel is moved to this state, but we think the clear legislative intent subjects the foreign lien to a properly perfected lien in the State of Florida after four months. We are unaware of a method whereby the application of any portion of Chapter 371, Fla. Stat., F.S.A., may be interpreted to give appellant aid to avoid the effects of the statute as applied by the trial judge.
Having examined the record and finding that error has not been shown, the judgment is affirmed.
Affirmed.
NOTES
[1] A portion of Fla. Stat. § 679.9-103(3), F.S.A., reads as follows:

* * * * *
"If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, the security interest continues perfected in this state for four months and also thereafter if within the four month period it is perfected in this state. The security interest may also be perfected in this state after the expiration of the four month period; in such case perfection dates from the time of perfection in this state."
* * * * *