4 B.R. 224 (1980)
In the Matter of James Gardiner UNGER, Bankrupt.
Herbert S. FREEHLING, Trustee, Plaintiff,
v.
MERCHANTS NATIONAL BANK AND TRUST COMPANY, Defendant.
Bankruptcy No. 78-1200-BK-JLK-W, Adv. No. 1.
United States Bankruptcy Court, S.D. Florida.
May 8, 1980.
*225 Theodore P. Sobo, Fort Lauderdale, Fla., attorney for defendant.
Raymond B. Ray, Fort Lauderdale, Fla., attorney for plaintiff.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
SIDNEY M. WEAVER, Bankruptcy Judge.
The action pending before this Court arises from the differing methods, under Indiana and Florida law, of perfecting security interest in motorboats. The issue raised is purely legal, as the parties have stipulated to the facts; whether a creditor who perfects a security interest in a boat in the State of Indiana, but fails to perfect his interest in same in the State of Florida within four months after the debtor transfers the boat to the latter state with the creditors knowledge, has a valid lien as against the debtor's trustee in Bankruptcy, after filing, by the debtor, of a voluntary petition in bankruptcy.

FINDINGS OF FACT
The bankrupt, James Gardiner Unger, purchased a 1977 twenty-four foot Sea Ray boat, No. 9859744-77-X, 240-WF-356-7, with a 1977 two hundred and fifty horsepower Mercury Cruiser Engine No. 72517G in the State of Indiana on August 4, 1977. The boat was financed by the defendant, Merchants National Bank and Trust Company (hereinafter Bank) and title was held by the bankrupt. The Bank obtained a security interest in the boat on August 10, 1977, by recording with the Clerk of the Circuit Court of Johnson County, Indiana. There is no question that this interest was properly perfected as between the bankrupt, Mr. Unger, and the Bank at that time. Thereafter, however, the bankrupt changed his residence, moving to the State of Florida, and taking his motorboat with him. He abided in Florida for six months, during which period of time he made all payments to the Bank in Indiana from Florida. Despite the fact that it had full knowledge as to the debtor's change of residence, the Bank did nothing to perfect its interest in the boat in Florida during the entire six month period.
In October of 1978, Mr. Unger filed a voluntary petition in bankruptcy. His trustee, the plaintiff in this case, now claims title to the boat as against the Bank.

CONCLUSIONS OF LAW
Under Indiana law, the Bank's interest in the motorboat at issue was perfected by the filing of a financing statement in the registry office. Burns Ind.Stat.Ann. Section 26-1-9-302. Indiana distinguishes between motor vehicles, and motorboats  as to the latter, it does not require as a condition of perfection the notation on the certificate of title of the security interest. See Burns, supra, Comments on Section 26-1-9-302(3)(b) at 491-92 (differentiating between the two, and stating that the former only are governed by a lien statute proceeding for central filing).
Florida on the contrary, is a certificate of title state that requires the notation on the certificate of title of the security interest in *226 order for it to be perfected. Fla.Stat. Section 371.81 (1973). The question thus arises, what is the effect upon the Bank's security interest when the collateral is moved from a "non-title" to a "title" state with the Bank's knowledge but without any action on its part to preserve that interest.
The plaintiff trustee has asserted that its interest in the aforementioned boat is superior to that of the Bank in that the latter, by its failure to perfect its interest within the requisite amount of time, in Florida, is now merely an unsecured creditor. In doing so, the plaintiff relies on Fla.Stat. Section 679.9-103(3) (1966) which states:
. . . If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, the security interest continues perfected in this state for four months and also thereafter if within the four month period it is perfected in this state (emphasis added).
It is uncontroverted that the defendant bank has a validly perfected interest when originally entered, by filing, in the State of Indiana. Since the property was not covered by a certificate of title in that jurisdiction, Fla.Stat. Section 679.9-103(3) (1966) is controlling. See Comment 7 on Section 679.9-103.
The Court hereby holds that the aforesaid statute requires a creditor to take some affirmative action, in accordance with the law of this jurisdiction, to reperfect its interest in the collateral within the four month period. Thus, under Fla.Stat. Section 371.81 (1973), the creditor in order to insure that his security interest does not lapse through its inaction, has a duty to see that a certificate of title is applied for by the debtor or by the Bank itself. To hold otherwise would render negatory the effect of Section 679.9-103(3) which allows a limited period of grace to the creditor  four months, and four months only because:
. . . The four month period is long enough for a secured party to discover in most cases that the collateral has been removed and to file in this state; thereafter, if he has not done so, his interest, although originally perfected in the state where it attached, is subject to defect here by those persons who take priority over an unperfected security interest. See Comment 7, Section 679.9-103 at 172.
This is especially true in the instant case where the Bank knew for six months that the debtor has changed his residence, and made no attempt whatsoever to reperfect its interest in the collateral.
The Court thus concludes that when the debtor filed a voluntary petition in bankruptcy after the four month period of grace under Section 679.9-103 elapsed, the Bank's security interest in the aforementioned collateral had expired. In accordance with Section 70(c) of the Bankruptcy Act, 11 U.S.C. Section 110(c) (1978), the debtor's trustee in bankruptcy obtained the rights of a lien creditor, and had a superior claim to the motorboat that the defendant, who at that point in time, had a mere unperfected security interest.