**John E. VENN, Jr., Trustee for Warner Clyde Williamson and Jeanine Williamson, Plaintiff,**

v.

**FINANCE AMERICA CORPORATION, Defendant.**

**No. 80–9143.**

United States Bankruptcy Court, N. D. Florida, Pensacola Division.

Jan. 14, 1982.

Smith, Sauer & Venn, P.A., Pensacola, Fla., for plaintiff.

W. A. Swann, Jr., Pensacola, Fla., for defendant.

## OPINION AND ORDER

N. SANDERS SAULS, Bankruptcy Judge.

THIS CAUSE came on for hearing upon cross motions for summary judgment arising from the following facts. The debtors while residents of Virginia, purchased a 1978 Renken Outboard boat by retail installment contract assigned to Finance America Corporation, defendant herein. The defendant filed a UCC–1 financing statement giving it a perfected security interest in Virginia. Subsequently the debtors moved to Florida with their boat and approximately seventeen (17) months later applied for and obtained a certificate of title on the boat as required by Florida Statute § 371.81 (1979). The title certificate noted no lien in favor of Finance America.

The debtors filed a petition under Chapter 7, Title 11 of the United States Code and Finance America filed a secured claim therein in the amount of $1,559.25. The trustee, plaintiff in this action, filed an objection to said claim asserting that Finance America failed to properly perfect its security interest in the State of Florida. In support of such assertion, the plaintiff/trustee cites the controlling Florida statute on multi-state transactions as well as the applicable lien perfection statute in this state. Section 679.103(1)(d) and (2)(c), Florida Statute (1979) deals with incoming goods already subject to a perfected security interest in another state and provides that such security interest remains perfected in Florida if within four (4) months of the relocation of collateral in this state, the creditor perfects in this jurisdiction. Otherwise it is deemed unperfected as against someone who became a purchaser after removal. In order to perfect a lien on a motorboat in Florida, § 371.81, Florida Statute (1979) provides that the official certificate of title must be furnished with the notice of lien so that the division of marine resources can note the lien on the face thereof. If a sworn notice of the lien is not thusly recorded it will not be enforceable against creditors or subsequent purchasers for value and without notice.

To substantiate the effect of these provisions in a factually similar case, the trustee cites *In the Matter of Unger*, 4 B.R. 224 (Bkrtcy.S.D.Fla.1980). The controversy there, as in the case *sub judice*, arose with respect to a creditor who perfected his security interest in a boat in the non-title state, but failed to perfect his interest in Florida within four months after the collateral was removed with creditor's knowledge. The court held that "the aforesaid statute requires a creditor to take some affirmative action in accordance with the law of this jurisdiction, to reperfect its interest in the collateral within the four month period." Having failed to do so, when the debtor filed his voluntary petition subsequent to the running of the four month period of grace under § 679.103

Florida Statute (1979), the creditor's perfected security interest had expired. The debtor's trustee in bankruptcy obtained the rights of a lien creditor and had a superior claim to the motorboat over that of the creditor who then had a mere unperfected security interest. *Unger* at 226.

Although it is seemingly obvious that the holding in *Unger* should be followed in the case *sub judice*, it is asserted by Finance America that in order to show its lien on the certificate of title, the certificate must have been obtained by the debtors, i.e., in existence, and made available to the creditor. It notes that the motorboat lien statute differs from the Florida motor vehicle statute which allows perfection by constructive notice of intent to lien. Florida Statute § 319.27(3)(a) (1979). Absent a similar provision in the motorboat statute, a creditor is incapable of statutorily perfecting its lien until a certificate of title issues. Since the certificate in the instant case was not obtained until approximately seventeen (17) months after debtor's residency in Florida, the creditor vigorously argues that it was impossible to comply with the statute. It contends that it is the owner's statutory duty to obtain a title certificate and further argues that the owner's failure to comply with such responsibility should not effect a defeat of creditor's perfected status.

Similar reasoning was successfully advanced in a line of cases beginning with *In the Matter of Littlejohn*, 519 F.2d 356 (10th Cir. 1975), wherein, the courts considered the inequity of penalizing the creditor for a buyer's failure to comply with his statutory obligation. The resolution of those cases in favor of the creditor was founded on what the court refers to as an "equitable exception." See, *In re Humphries*, 1 B.R. 82 (Bkrtcy.C.D.Utah 1979). Significantly, it must be emphasized that in weighing the equities and striking a balance in favor of the creditor, the court in each case took into consideration the creditor's affirmative action toward perfection and concluded that it had done all that was required of it under the circumstances. Specified action included issuance of a bill of sale evidencing the lien, delivery of proper documents to the buyer, and active requests by the creditor that the debtor apply for a certificate of title. See *Littlejohn, supra* at 357; *Humphries, supra* at 83.

Recognizing the distinction between the equitable exception cases and the instant case, the trustee herein states that Finance America had from December 1978, to May 1980 (when the certificate was obtained), within which to pursue its interest *short* of statutory perfection, yet took no steps *whatsoever* toward protecting its lien. The court in *Unger* deems it the creditor's *duty* to act:

> . . . under Fla.Stat. Section 371.81 (1973), the creditor in order to insure that his security interest does not lapse through its inaction, has a duty to see that a certificate of title is applied for by the debtor or by the [creditor] itself. *Unger* at 226.

Also see, *General Electric Credit Corporation v. Hollywood Bank & Trust Co.*, 263 So.2d 593 (Fla. 3rd D.C.A. 1972), wherein, on similar facts, the court ruled in favor of the trustee as against the inactive creditor; and, *In re Trim-Lean Meat Products, Inc.*, 10 B.R. 333 (D.C.Del.1981).

Finance America nonetheless adheres to its request for equity, hypothesizing that no protective steps *could* be taken when collateral is removed without creditor's consent and without knowledge of its whereabouts. Yet this defense to inaction is tenuous in light of the language of the court in *Unger* relating to creditor's knowledge:

> " . . . The four month period is long enough for a secured party to *discover* in most cases that the collateral has been removed and to file in this state; thereafter if he has not done so, his interest although originally perfected in the state where it attached, is subject to defect here by those persons who take priority over an unperfected security interest. *See* Comment 7, Section 679.9–103 at 172." *Unger* at 226.

Thus, it would appear that the burden to locate as well as attempt to protect collateral in some manner remains on the creditor

even after unauthorized removal of the collateral. Failing to reperfect its security interest in the boat as provided by Florida Statutes § 679.103 and § 371.81, and due to its complete inaction toward protection of that interest, Finance America can claim neither statutory nor equitable perfection, and is reduced to the status of an unsecured creditor. The trustee came into the position of a hypothetical lien creditor and bona fide purchaser of the debtor as of the date of the petition and hence takes priority over the interest of Finance America. Section 544(a) of Title 11, United States Code. It is accordingly,

ORDERED AND ADJUDGED that plaintiff's motion for summary judgment be, and it hereby is, granted and summary judgment is hereby entered in favor of the plaintiff and against the defendant as to the 1978 Renken Outboard boat.