In the Matter of Patricia Ann
MARTINDALE, Bankrupt,

Betty McMILLIN, Trustee, Plaintiff,

v.

PHOENIX TELCO FEDERAL CREDIT
UNION, Defendant.

No. BK–75–2397–T.

United States District Court,
W. D. Oklahoma.

Nov. 23, 1976.

William A. Vassar, III, Oklahoma City, Okl., for bankrupt.

B. J. Brockett, Oklahoma City, Okl., for trustee.

Richard W. Freeman, Oklahoma City, Okl., for defendant.

## ORDER

RALPH G. THOMPSON, District Judge.

The above entitled cause comes before this Court upon the appeal of Phoenix Telco Federal Credit Union (Phoenix), appellant herein, from an order of the Bankruptcy Court. Phoenix appeals from the finding of the Court that Betty McMillin (McMillin), appellee herein and bankruptcy trustee of the estate of Patricia Ann Martindale (Martindale), has a prior and superior interest in the 1973 GMC ½ ton pickup, serial number TCY1143J508221, to the claim of Phoenix by reason of its failure to reperfect its security interest in said vehicle in Oklahoma.

There is no disagreement between the parties with respect to the pertinent facts. The bankrupt and her husband executed a combined financing statement and security interest in Phoenix, Arizona, where they were residing on or about July 26, 1973, thereby granting a security interest to Phoenix in the subject vehicle. Phoenix then perfected its security interest in accordance with the law of Arizona by filing a copy of the security instrument and application for a certificate of title with the Vehicle Division so that a certificate of title was thereafter issued to the Martindales showing on its face the lien of Phoenix. Arizona law requires that the security instrument be maintained in the Vehicle Division files until the security interest is discharged. A non-negotiable memorandum of title is issued to the owner with the creditor's lien noted on it while the original certificate of title is maintained in the Vehicle Division files along with the security instrument until the security interest is discharged whereupon it is delivered to the owner. Arizona is a "title state" inasmuch as security interests are perfected in the manner described above.

Sometime thereafter, the Martindales moved their residence from Arizona to Tex-

as, which is also a "title state", and Phoenix again perfected its security interest. No filing of security instruments is required for perfection in Texas, but an application for a title is submitted for a vehicle encumbered by a security interest, and two titles are issued. One is designated "original" and the second as "duplicate original", and the original is given to the secured party and the duplicate original is given to the owner. The duplicate is not good for transferring ownership of the vehicle; but upon satisfaction of the security interest, the original is delivered to the owner by the secured party.

Thereafter, the Martindales moved to Oklahoma and brought with them the vehicle in question. In accordance with Oklahoma law, 47 O.S. 1971 § 22.12, which requires registration of a vehicle owned by a nonresident who enters Oklahoma and remains for a period of sixty days from the date of entry, the Martindales prepared an application for registration along with an application for a certificate of title which is required by 47 O.S. 1971 § 23.3. The State of Oklahoma received the application for a certificate of title, showing on its face the lien of Phoenix, and prepared the certificate of title but retained it in its file pending receipt of a negotiable certificate of title from Texas. On this same date, Oklahoma vehicle registration license plates were issued to the Martindales. The certificate of title held by the State of Oklahoma was never delivered to the Martindales.

The petition in bankruptcy was filed December 9, 1975, by Mrs. Martindale. McMillin filed her complaint on March 22, 1976, alleging a superior interest to that of Phoenix in the said vehicle by reason of the failure of Phoenix to comply with the laws of the State of Oklahoma. Oklahoma is a "filing state" rather than a "title state", and perfection is accomplished by the filing of security instruments in specified locales. Phoenix never filed the required instruments in Oklahoma, and the Bankruptcy Court therefore held that McMillin held a superior interest in the vehicle.

The central question herein is whether or not the certificate of title prepared by the State of Oklahoma but held pending receipt of the original Texas certificate of title was issued. If the Oklahoma certificate of title was not issued, then the security interest of Phoenix which was perfected in Arizona and Texas would remain perfected in accordance with 12A O.S. 1971 § 9–103(4) which provides as follows:

"Notwithstanding subsections (2) and (3), if personal property is covered by a certificate of title issued under a statute of this state or any other jurisdiction which requires indication on a certificate of title of any security interest in the property as a condition of perfection, then the perfection is governed by the law of the jurisdiction which issued the certificate."

Therefore, the perfection of the security interest of Phoenix would be controlled by the law of Arizona or more probably Texas. However, if the Oklahoma certificate of title was issued, then Phoenix would have been required to perfect its security interest in accordance with Oklahoma law, which requires filing pursuant to 12A O.S. 1971 § 9–401, which was not done herein. As indicated in 4 Anderson, *Uniform Commercial Code*, Section 9–103:23, at page 64:

"The underlying rationale of Code § 9–103(4) is that there shall be only one title certificate for an automobile, that originally issued if it is still in existence, but the certificate of state # 2 when such certificate is issued shall be the controlling system. It would be impractical to charge the public with notice of notations in prior cancelled certificates or applications, which, though still extant, had been issued in foreign unknown states. Consequently, once a certificate is issued in state # 2, it is the law of that state which determines whether there is a perfected security interest in the motor vehicle and the creditor must comply with the law of state # 2 in order to obtain perfection."

It is the holding of the Court that the Oklahoma certificate of title was prepared but not issued to the Martindales. In so

holding, the Court is cognizant of 47 O.S. 1971 § 22.4(d) which holds as follows:

"Where the applicant has satisfactorily shown to the Commission that he owns the vehicle sought to be registered, but is unable to produce documentary evidence of his title, the Commission may in its discretion issue temporary plates only. Such temporary license plates are to be issued only from the Motor Vehicle Division of the Commission at its central office in Oklahoma City. In such instances the Commission shall indicate on the receipt given the applicant the reason for not issuing a Certificate of Title. It shall still be the duty of the applicant to take all necessary steps immediately to obtain his Oklahoma Certificate of Title and it shall be unlawful for him to sell said vehicle until such title has been obtained in his name."

Therefore, it is quite apparent that the Oklahoma certificate of title was withheld and not issued in accordance with this subsection.

McMillin contends in the alternative that if the Court finds that the certificate of title was not issued, then indeed Arizona law applies with respect to the perfection of the security interest by Phoenix. McMillin argues that Arizona law as reflected in *Arrow Ford, Inc. v. Western Landscape Construction Co.,* 23 Ariz.App. 281, 532 P.2d 553 (1975), does not support Phoenix.

The Court questions whether or not Arizona law would apply in any event inasmuch as a Texas certificate of title was issued subsequently to the Arizona title, and therefore Texas law would be applicable. However, in that Arizona and Texas law are similar in this regard, the Court will consider the argument of McMillin.

First, McMillin has not cited any pertinent Arizona statutory law which would invalidate the perfection that was accomplished in Arizona. Instead, McMillin cites *Arrow Ford, Inc.* supra, in support of her position. The fact situation in *Arrow Ford, Inc.* involves the perfection of a security interest in a vehicle which was removed from a "filing state" (Oklahoma) to a "title

state" (Arizona), the exact opposite of the case at bar. Inasmuch as the comparable Arizona statute of 12A O.S. 1971 § 9–103(4) only applies to the situation where an encumbered vehicle enters from a "title state", the decision in *Arrow Ford, Inc.* is clearly distinguishable.

It is uncontradicted that the security interest of Phoenix was duly perfected in Arizona and Texas, and the Court has held that an Oklahoma certificate of title was not issued in Oklahoma. Thus, the accomplished perfection in Arizona or Texas would continue in Oklahoma pursuant to 12A O.S. § 9–103(4). Therefore, it is the holding of the Court that the security interest of Phoenix is superior to that of McMillin; and, accordingly, the order of the Bankruptcy Court in regard to the vehicle in question is reversed.

It is so ordered this 23rd day of November, 1976.