In re Michael Lee KEITH, Bankrupt,

A. Thomas DeWOSKIN, Trustee,

George WHITE et al., Defendants.

Bankruptcy No. 79–1511 C(2).

United States District Court,
E. D. Missouri, E. D.

Feb. 27, 1980.

---

John W. Reid, II, Fredericktown, Mo., for bankrupt.

Curtis L. Mann, St. Louis, Mo., for trustee.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on appeal of the decision of the Honorable Robert E. Brauer, Bankruptcy Judge. Judge Brauer found that the New Era Bank did not have a perfected security interest in the bankrupt's automobile, and authorized the trustee in bankruptcy to sell the automobile free and clear of the bank's claims to it.

The facts are fully set forth in the Bankruptcy Judge's memorandum opinion, and need not be recounted here. The parties agree to the facts, and the only issue is whether those facts support the decision rendered below. In essence, New Era Bank claims to possess a security interest in the bankrupt's automobile. The bank admits that this security interest was not perfected according to the applicable Missouri statute. § 301.600 R.S.Mo. (1969). The bank argues, however, and no one disputes this contention, that its security interest was unperfected due to the dishonesty and chicanery of a third party. The trustee in bankruptcy enjoys the status of a creditor with a lien perfected at the moment of bankruptcy. 11 U.S.C. § 110(c). The only issue in this case is whether equitable considerations should override the trustee's status as a superior creditor to the bank. This Court must conclude that they should not.

Missouri law requires strict compliance with § 301.600, R.S.Mo. (1969) in order to perfect a security interest in an automobile. *Zuke v. Mercantile*, 385 F.2d 775 (8th Cir. 1967). Compliance with that section is the exclusive means of perfecting such a security interest. § 301.650, R.S.Mo. (1969). The bank concededly did not so comply.

Though the actions of a third party were largely responsible for the failure to perfect the security interest, the bank was not entirely free from fault. It clearly could have, and indeed should have, more closely scrutinized the actions of those with whom it dealt. Furthermore, reliance upon the actions of a third party does not override the explicit statutory provisions. *Matter of Schalk*, 592 F.2d 993 (8th Cir. 1979).

Concededly, there is some inequity in the result reached. The result is nevertheless dictated by the legal technicalities governing commercial transactions. *Shelton v. Erwin*, 472 F.2d 1118 (8th Cir. 1973); *Safe Deposit Bank and Trust Co. v. Berman*, 393 F.2d 401 (1st Cir. 1968).

It is therefore the opinion of this Court that the Bankruptcy Court properly decided that the bank did not have a perfected security interest in the bankrupt's automobile and properly authorized the sale of the automobile by the trustee. That opinion will therefore be affirmed.