**PAYMENT PLANS, INC., Appellant,**

v.

**Robert P. STRELL, as Trustee for the Estate of Paul R. Johnson, Appellee.**

**No. 1261, Docket 83–5009.**

United States Court of Appeals,
Second Circuit.

Argued May 13, 1983.

Decided Aug. 25, 1983.

Michael Lancello, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y. (Paul K. Stecker, Buffalo, N.Y., of counsel), for appellant.

William F. Savino, Magavern, Magavern, Lowe, Beilewech, Dopkins & Fadale, Buffalo, N.Y. (Goldman, Costa & Getman, Buffalo, N.Y., of counsel), for appellee.

Before OAKES, CARDAMONE and PIERCE, Circuit Judges.

OAKES, Circuit Judge:

This appeal is from a judgment of the United States District Court for the West-

ern District of New York, John T. Curtin, Judge, affirming the April 21, 1982, order of the United States Bankruptcy Court for the Western District of New York, Beryl E. McGuire, Judge, denying plaintiff Payment Plans' application for relief from a stay that prevents Payment Plans from enforcing its security interest in a 1970 Pacemaker 42-foot boat, valued at $45,000.

The boat was owned by Merle Vikre, to whom the State of Florida had issued a "Boat Certificate of Title" in 1978. In 1979, pursuant to a purchase agreement, Vikre sold the boat to Paul R. Johnson, for which Johnson paid with funds borrowed from plaintiff Payment Plans. On the back of the certificate of title in Florida, Vikre executed the form transferring title to Johnson. The security interest of Payment Plans was not noted on the certificate of title, nor was a new certificate applied for or received. Payment Plans filed financing statements only in New York, where Johnson resides. At all times Johnson kept the vessel in Florida, using it for business purposes there. After Johnson filed in bankruptcy, Payment Plans sought to reclaim the boat from the trustee. In dispute is whether Payment Plans has perfected its security interest in the boat. The bankruptcy judge, as affirmed, held that it had not, denied Payment Plans' request to lift the automatic stay, and declared its interest invalid against the trustee. We affirm.

Payment Plans claims that it has perfected its interest because New York Uniform Commercial Code Section 9–103(3)(b)[1] provides that the law of the jurisdiction in which the debtor is located, in this case New York, governs the perfection of security interests over goods which are mobile and are of a type normally used in more than one jurisdiction, in this case a boat, if the goods are not covered by a certificate of title described in 9–103(2).[2] The answer to Payment Plans is that the boat *is* covered by a 9–103(2)(a) certificate of title, and that 9–103(2)(b) provides that Florida's laws govern the perfection of security interests.

Section 9–103(2)(a) applies to goods covered by a certificate of title issued under a statute of a jurisdiction other than New York if the other jurisdiction requires that the existence of a security interest be indicated on the certificate as a condition of perfection. This is what Florida Statute §§ 328.15(1) and (2) require:

> [N]o liens ... on a motorboat shall be enforceable ... against creditors or subsequent purchasers ... unless a sworn notice of such lien is recorded [and t]he department [of natural resources] shall not enter any lien upon its lien records ... unless the official certificate of title issued for the motorboat is furnished ... so that the record of the lien ... may be

1. N.Y.U.C.C. § 9–103(3) (McKinney 1964 & Supp.1982) provides in part:

    Accounts, general intangibles and mobile goods.
      (a) This subsection applies to accounts (other than an account described in subsection (5) on minerals) and general intangibles and to goods which are mobile and which are of a type normally used in more than one jurisdiction, such as motor vehicles, trailers, rolling stock, airplanes, shipping containers, road building and construction machinery and commercial harvesting machinery and the like, if the goods are equipment or are inventory leased or held for lease by the debtor to others, and are not covered by a certificate of title described in subsection (2).
      (b) The law (including the conflict of law rules) of the jurisdiction in which the debtor is located governs the perfection and the effect of perfection or non-perfection of the security interest.

2. N.Y.U.C.C. § 9–103(2) (McKinney 1964 & Supp.1982) provides in part:

    Certificate of Title.
      (a) This subsection applies to goods covered by a certificate of title issued under a statute of this state or of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection.
      (b) Except as otherwise provided in this subsection, perfection and the effect of perfection or non-perfection of the security interest are governed by the law (including the conflict of laws rules) of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section.

noted upon the face [of the certificate of title].

On its face, the certificate of title statute satisfies the terms of § 9–103(2)(a). Nowhere does the New York UCC require that the certificate of title be issued *to the debtor*. However, as the back of the Florida certificate itself warns, a "[n]ew owner is required to make application for transfer of title within fifteen (15) days after date of purchase." Florida Statute § 327.19 provides that "transfer ... shall terminate the certificate for such boat." Thus, Vikre's certificate was invalid fifteen days after the boat was transferred to Johnson. Payment Plans filed its two New York financing statements on February 16, 1979 and February 21, 1979, at *most* only seven days after the February 15, 1979 transfer of the boat from Vikre to Johnson. Because the Florida statute does not require an application for transfer of title for fifteen days after the date of purchase, the Florida rules were still applicable at the time of the New York filings. Moreover, Johnson's failure to obtain a Florida certificate does not convert the boat into a § 9–103(3)(b) "mobile good." Payment Plans sought to perfect its interest only by filing a financing statement in New York. New York UCC § 9–302(3)(c) specifically provides that filing of a financing statement is insufficient to perfect a security interest in property "*subject to* .... a certificate of title statute of another jurisdiction." (Emphasis added). Payment Plans could have protected its interest in Florida but failed to do so, and the boat now belongs to the trustee who in accordance with Section 544(a) of the Bankruptcy Code has the status of a lien creditor.[3]

None of the cases relied upon by appellant supports its proposition that the certificate of title must have been issued to the debtor who granted the security interest, here Johnson, to bring § 9–103(2)(a) into play. *McMillin v. Phoenix Telco Federal Credit Union,* 429 F.Supp. 131 (W.D.Okl. 1976) (construing former § 9–103(4)), involved a certificate of title applied for and prepared by the State but retained pending receipt of a negotiable certificate from another state. *Associates Realty Credit Ltd. v. Brune,* 89 Wash.2d 6, 568 P.2d 787 (1977) (en banc), involved the continuation under former U.C.C. § 9–103(4) of a security interest perfected in a jurisdiction that did not issue title certificates. Here a certificate of title had been issued on the vessel and, at the time of transfer and at the time Payment Plans filed in New York, the vessel was subject to the Florida certificate of title statute as a vessel in Florida to be delivered to Clearwater Bay Marine Ways in Florida.

Judgment affirmed.

---

**3.** Under 11 U.S.C. § 544(a)(1) (Supp. V 1981):
The trustee shall have ... the rights and powers of ... a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists ....