**In re Robert M. GROVES, Debtor.**

**Robert H. WALDSCHMIDT, Trustee, Plaintiff,**

**v.**

**ASSOCIATES COMMERCIAL CORP., Kenworth of Tennessee, Inc. and Jesse G. Fuqua, Defendants.**

**Bankruptcy No. 385–03471.**
**Adv. No. 386–0025.**

United States Bankruptcy Court, M.D. Tennessee.

Aug. 25, 1986.

Robert H. Waldschmidt, Cosner & Waldschmidt, Nashville, Tenn., for trustee.

L. Wearen Hughes, J. Mark Tipps, Bass, Berry & Sims, Nashville, Tenn., for defendants.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on cross-motions for summary judgment by all remaining parties: defendant, Kenworth of Tennessee, Inc. ("Kenworth") and the plaintiff/trustee. At issue is whether Kenworth holds perfected liens in four truck tractors. Upon consideration of the pleadings, affidavits, exhibits, and argument, the court finds that Kenworth does not have perfected liens in the tractors.

The following shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The primary dispute before the court involves two 1982 truck tractors. Certificates of title on these vehicles were issued in Arkansas. Liens were noted on the Arkansas title certificates, and subsequently paid. The certificates of title were surren-

dered, and the vehicles were brought to Tennessee. Kenworth thereafter sold the vehicles to the debtor. Kenworth gave the debtor the old certificates of title together with documents the debtor needed to file for certificates of title in Tennessee. Kenworth also retained a security interest in the vehicles to secure the purchase price.

No certificates of title were issued or applied for in Tennessee. The debtor defaulted on purchase payments to Kenworth. After defaulting, the debtor delivered both tractors to Kenworth for repairs. While Kenworth was in possession of the tractors, the debtor filed bankruptcy.

## I.

■ Kenworth argues that its possession of the two 1982 tractors is "perfection by possession" that gives it a perfected security interest.[1] The trustee disagrees. The trustee contends that Kenworth's failure to note its liens on the certificates of title renders its security interest unenforceable against the trustee.

The parties' dispute involves whether a lien on motor vehicles can be perfected under Tennessee[2] law in any manner except notation on a certificate of title. Kenworth argues that "tension" between the U.C.C. (Article 9) and Tennessee's motor vehicle statutes is reconciled by establishing a two-track system of motor vehicle perfection: (1) a filing in compliance with motor vehicle laws; or (2) secured party's taking possession of collateral under TENN.CODE ANN. § 47-9-305 (Supp.

1985). The trustee's position is that under TENN.CODE ANN. § 55-3-126 (Supp. 1985) *only* a filing in compliance with motor vehicle statutes (TENN.CODE ANN. Chapter 55) perfects a motor vehicle lien.

After reviewing TENN.CODE ANN. §§ 47-9-302(3) and (4) (Supp.1985), 47-9-305, and 55-3-126(b), the court is convinced that Kenworth's argument fails. Section 55-3-126(b) provides that *"Notwithstanding any provisions of the law to the contrary,* the method provided in this section ... of certifying a lien or encumbrance upon a motor vehicle ... shall be exclusive except as to liens depending upon possession...." [Emphasis added.] The "notwithstanding" clause precludes application of § 47-9-305, which authorizes perfection by taking possession. This clause defeats Kenworth's argument that § 9-305 authorizes perfection by possession of its motor vehicle lien.[3]

Alternatively, if Article 9 applied to the question of perfection, § 47-9-302(4) (now identical to the Official 1972 U.C.C. Amendment) would defer to non-U.C.C. Tennessee motor vehicle law. Subsection 9-302(4) provides that: "[A] security interest in property subject to [this state's statute providing for central filing of, or requiring indication on a certificate of title of a security interest] *can be perfected only by compliance therewith ....*" [Emphasis added.] Thus, Kenworth's reliance on § 47-9-305 of the U.C.C. would be defeated by § 47-9-302(4).

1. The disputed security interests secure the purchase price, not repair bills. No mechanic's lien is involved.

2. Two separate issues are involved in determining which law applies. First, 1985 amendments to Tennessee's version of Article 9 took general effect on January 1, 1986. The transitional rule is codified at TENN.CODE ANN. § 47-9-602 (Supp.1985). Under this section, the recent amendments must be incorporated in determining whether, and how, to apply Article 9 to this transaction.

Second, the parties have raised the possibility that under § 47-9-103(2) (Supp.1985) (now identical to the Official 1972 U.C.C. Amendment) this is a multi-state transaction requiring application of Arkansas law. The court finds

that this transaction is not governed by § 9-103(2), and that Arkansas law does not apply. Under § 9-103(2)(b), any applicability of § 9-103(2) in this case terminated once the Arkansas certificates were surrendered. Once the Arkansas creditor was satisfied, the need to protect the interests of such an out-of-state creditor disappeared.

3. This conclusion is not altered by the special exception for "liens depending upon possession" quoted above. Kenworth's lien is not an artisan's lien whose *existence* depends upon possession. Kenworth's lien arose via a security agreement, and it exists regardless of possession.

Tennessee case law also supports the conclusion that compliance with Tennessee's motor vehicle statutes is the only way Kenworth can perfect its security interests. *See In re Coors of the Cumberland, Inc. (Coble Systems, Inc. v. Coors of the Cumberland, Inc.)*, 19 B.R. 313, 320 (Bankr.M.D.Tenn.1982) ("[T]his court has consistently held that perfection of a security interest in a motor vehicle may be perfected *only* by notation of the lien upon the vehicle's certificate of title."); *In re Krulik (McLemore v. Simpson County Bank)*, 6 B.R. 443, 447 (Bankr.M.D.Tenn.1980) ("Perfection of a security interest in a motor vehicle may be accomplished under Tennessee law only by notation of the lien upon the vehicle's certificate of title."); *In re Custom Caps, Inc. (Still v. Commerce Union Bank)*, 1 B.R. 99, 102 (Bankr.E.D.Tenn. 1979) ("[U]nder Tennessee law a security interest in a motor vehicle (other than inventory) *is not* enforceable against the trustee in bankruptcy unless the security interest is indicated on the outstanding certificate of title." [Act case] ).

In support of its position, Kenworth cites *In re Crosby (Transport Acceptance Corp. v. Crosby)*, 19 B.R. 436 (Bankr.E.D. Tenn.1982), *remanded* 23 B.R. 514 (E.D. Tenn.1982) *aff'd without published opinion*, 714 F.2d 139 (6th Cir.1983). *Crosby* does not discuss § 55–3–126, which the parties have raised in this case, and this court declines to make a *Crosby* analysis in this case. Kenworth also cites *In re Glenn (Mack Financial Corp. v. Peterbilt of Chattanooga, Inc.)*, 20 B.R. 98 (Bankr.E.D. Tenn.1982). *Glenn* involves distinguishable facts—a common law repairman's lien that depends upon possession. *Glenn* also fails to discuss the effect of § 55–3–126. For these reasons, *Crosby* and *Glenn* do not alter this court's holding.

Neither party disputes that no filing in compliance with Tennessee's motor vehicle statutes was made. Since the creditor did not comply with the certificate of title lien notation requirement, its liens are unperfected.

**II.**

Kenworth contends in a supplemental brief that it is entitled to an equitable lien on some or all of four truck tractors: the two 1982 tractors discussed above; a 1984 Kenworth tractor; and a 1985 White tractor. In each case, Kenworth had relied upon the debtor to obtain Tennessee certificates of title noting the current liens.

Kenworth attempts to distinguish cases such as *In re Krulik*, 6 B.R. 443 (Bankr.M. D.Tenn.1980) which have held that a secured creditor relies upon the debtor to obtain certificates of title at its own risk. The language in *Krulik* bears repeating: "Though the actions of a third party were largely responsible for the failure to perfect the security interest, the [creditor] was not entirely free from fault.... Concededly, there is some inequity in the result reached. The result is nevertheless dictated by the legal technicalities governing commercial transactions." *Krulik*, 6 B.R. at 447 [quoting *In re Keith (DeWoskin v. White)*, 3 B.R. 382 (D.Mo.1980).] Equitable liens will not be imposed in this case. Kenworth relied upon the debtor and consequently became the master of its own misfortune. There is no equitable reason herein to compel the court to deviate from the sound outcome of *Krulik*.