**In re Robert M. GROVES, Debtor.**

**Robert H. WALDSCHMIDT, Trustee,**

v.

**ASSOCIATES COMMERCIAL CORP., Kenworth of Tennessee, Inc., and Jessie G. Fuqua.**

Bankruptcy No. 385–03471.

Adv. No. 386–0025.

No. 3:86–0923.

United States District Court,
M.D. Tennessee,
Northeastern Division.

July 1, 1987.

Robert H. Waldschmidt, Nashville, Tenn., for plaintiff.

F. Wearen Hughes, Bass, Berry & Sims, Nashville, Tenn., for defendant.

### MEMORANDUM

MORTON, Senior District Judge.

This case is before the court upon an appeal from an order of the United States Bankruptcy Court for the Middle District of Tennessee, dated August 25, 1986, 64 B.R. 329, granting plaintiff's motion for summary judgment and avoiding the liens of Kenworth of Tennessee, Inc., on four truck tractors. For the reasons which follow, the decision of the bankruptcy court shall be affirmed.

The bankruptcy court held that possession of the two 1982 truck tractors was insufficient to perfect Kenworth's security interest and that Kenworth was not entitled to an equitable lien on any of the four tractors. With respect to the two 1982 vehicles, the original certificates of title were issued in Arkansas where liens were noted on the titles, but the indebtednesses secured by these liens were subsequently paid and the liens released. The titles were surrendered and the vehicles were brought to Tennessee. When Kenworth sold the vehicles to the debtor, he was given the old certificates of title together with the necessary documents to obtain a Tennessee certificate of title. The Kenworth liens (which were later assigned to Associates Commercial Corp.) were noted on the title forms and the bills of sale. The debtor signed a security agreement granting a security interest in the vehicles to Kenworth. Kenworth relied upon the debtor to apply for a Tennessee certificate of title. In this case, however, the debtor never applied for the Tennessee title and therefore the security interest was never perfected since notation of lien on the title never occurred. The debtor defaulted on the purchase payments to Kenworth. Kenworth gained possession of the two tractors when the debtor delivered them for repairs. While Kenworth was in possession of the tractors, the debtor filed bankruptcy. Subsequent to the filing of the bankruptcy petition, Kenworth

repurchased from Associates the contracts on all four tractors.

The appellant argues that under Tennessee law a security interest in a motor vehicle may be perfected by possession. In support thereof, it cites Tenn.Code Ann. § 47–9–305, which provides that a security interest in "goods" may be perfected by possession of the collateral. Since Kenworth had possession of the two 1982 truck tractors at the time of the filing of the bankruptcy petition, it is argued that the security interest was thereby perfected. At first glance, the appellant's analysis appears sound, especially when an analogy is drawn to the common law principles of pledges. However, the bankruptcy court rejected this theory on three grounds with which we agree and to which we would add only the following comments. Judge Paine notes that Tenn.Code Ann. § 55–3–126(b) precludes application of Tenn.Code Ann. § 47–9–305 (perfection by possession). Tenn.Code Ann. § 55–3–126(b) provides in pertinent part:

> Notwithstanding any provisions of law to the contrary, the method provided in this section ... of certifying a lien or encumbrance upon a motor vehicle ... shall be exclusive except as to liens depending upon possession....

The foregoing statute is a part of the Tennessee Motor Vehicle Title and Registration Law. It follows that notation of a lien on the title to a motor vehicle is the exclusive method of perfecting that lien with the exception of liens "depending upon possession." As noted in footnote 3 of his opinion, Judge Paine interprets the exception to mean liens depending upon possession for their existence, i.e., artisan's liens, rather than liens depending upon possession for perfection, i.e., pledges. The weight of authority is in accord with Judge Paine's interpretation,[1] and while there is room for differing opinions as to the meaning of "liens depending upon possession" in light of the dearth of case law examining that particular statutory language, we do not disagree. If the legislature of the State of

Tennessee sees fit to allow perfection of liens on motor vehicles by possession pursuant to T.C.A. § 47–9–305, the language of T.C.A. § 55–3–126(b) should be amended to clearly exclude liens depending upon possession for perfection including pledged motor vehicles.

The appellant also relies upon *In Re Crosby, (Transport Acceptance Corp. v. Crosby)*, 19 B.R. 436 (Bankr.E.D.Tenn. 1982), *remanded* 23 B.R. 514 (E.D.Tenn. 1982) *aff'd without published opinion*, 714 F.2d 139 (6th Cir.1983), in which Judge Bare concluded that a security interest in a vehicle may be perfected by possession pursuant to T.C.A. § 47–9–305. However, the effect of T.C.A. § 55–3–126 was not addressed and therefore we find *Crosby* distinguishable. Additionally, Judge Bare appears to have retreated from that position in a later opinion where he acknowledges that "[a]s a general rule, a security interest in an automobile must be noted on the certificate of title in order to be perfected in Tennessee." *In Re Morristown Lincoln-Mercury, Inc.*, 25 B.R. 377, 384 (Bankr.E.D.Tenn.1982). Footnote 12 cites T.C.A. §§ 55–3–125 and 55–3–126(b) in support of the general rule.

No compelling circumstances exist in this case which warrant the imposition of equitable liens.

In summary, the decision of the bankruptcy court shall be affirmed, and the liens of Kenworth of Tennessee, Inc., on four truck tractors shall be avoided. An appropriate order shall be entered.

---

**1.** *See, e.g., In Re Armstrong*, 56 B.R. 781 (W.D. Tenn.1986); *In Re York*, 43 B.R. 36 (Bankr.M.D. Tenn.1984); *In Re Krulik*, 6 B.R. 443 (Bankr.M. D.Tenn.1980).