**In re David and Linda TODERIAN, Debtors.**

**Robert H. WALDSCHMIDT, Trustee, Plaintiff,**

v.

**BENEFICIAL CANADA, INC., Defendant.**

**Bankruptcy No. 391–9617. Adv. No. 392–0118A.**

United States Bankruptcy Court, M.D. Tennessee.

Sept. 30, 1992.

Thomas C. Nance, Nashville, TN, for debtors.

Robert Waldschmidt, Nashville, TN, trustee.

John H. Lowe, Goodlettsville, TN, for defendant.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

## I. INTRODUCTION

Before the court are cross motions for summary judgment by the bankruptcy trustee and the defendant. Based on the provisions of the Tennessee Code, this court grants the trustee's motion for summary judgment and denies the defendant's motion.

The following constitutes findings of fact and conclusions of law. Bankr.R. 7052.

## II. FINDINGS OF FACT

The debtors own a 1985 Dodge Ram van, and while living in Canada, they borrowed money from Beneficial Canada, Inc. (BCI). It is undisputed that BCI perfected their security interest in the van under applicable Canadian law, which requires filing of a financing statement rather than notation of the lien on a certificate of title.

The debtors then moved to Tennessee and obtained a Tennessee certificate of title. This certificate did not reflect the existence of BCI's lien as required for perfection under Tennessee law. Tenn.Code Ann. §§ 55-3-125, -126 (Michie 1988). More than four months after moving to Tennessee, the debtors filed for bankruptcy protection under chapter 7 of the Bankruptcy Code.

## III. CONCLUSIONS OF LAW

Given that the debtors removed their van from a noncertificate of title jurisdiction to a certificate of title jurisdiction, obtained a title in the removal state, and filed bankruptcy more than four months after removal, the issue is whether the bankruptcy trustee can prevail over the security interest of a creditor who has done nothing to perfect its security interest in the removal state.

The court finds that a straightforward provision of the Tennessee Code is determinative of this issue. *See* Tenn.Code Ann. § 47-9-103(1)(d)(i) (Michie Supp.1991) ("if the action [to re-perfect] is not taken before the expiration of ... the end of four (4) months after the collateral is brought into this state ... the security interest becomes unperfected at the end of that period...."). Arriving at this provision,

however, requires careful navigation through other sections of the Tennessee version of the Uniform Commercial Code (U.C.C.).

### A. Section 47–9–103

█ Section 47–9–103 of the Tennessee Code controls the perfection of security interests in multiple state transactions, *Forbes v. Daniels* (*In re Daniels*), 93 B.R. 601, 602 (Bankr.M.D.Tenn.1988), and the result in this case turns on the statutory interpretation of this section.

Subsection (1) of § 47–9–103 governs, among other things, ordinary goods, and subsection (2) governs goods covered by certificates of title. Because the debtors have obtained a Tennessee certificate of title for the van, subsection (2) applies in this case. Tenn.Code Ann. § 47–9–103(2)(a) ("This subsection applies to goods covered by a certificate of title issued by this state....").

### 1. APPLICABLE LAW

Paragraph (2)(b) contains the conflicts of law rule for goods governed by certificates of title:

(b) [P]erfection and the effect of perfection or nonperfection of the security interest are governed by the law ... of the jurisdiction issuing the certificate until four (4) months after the goods are removed from the jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate....

Tenn.Code Ann. § 47–9–103(2)(b). Under this rule, Tennessee law applies because four months have passed between removal and the debtors' bankruptcy and the debtors have surrendered the certificate.

### 2. THE GUIDEPOST: § 47–9–103(2)(c)

Paragraph 47–9–103(2)(c) contains two important cross-references. This paragraph provides:

(c) *Except with respect to the rights of a buyer described in the next paragraph*, a security interest, perfected in another jurisdiction otherwise than by notation on a certificate of title, in

goods brought into this state and thereafter covered by a certificate of title issued by this state is *subject to the rules stated in paragraph (d) of subsection (1)*.

Tenn.Code Ann. § 47–9–103(2)(c) (emphasis added).

#### a. The First Cross–Reference: Paragraph (2)(d)

█ Paragraph (2)(c)'s first cross-reference is to paragraph (2)(d) and to the rights of buyers. Paragraph (2)(d) provides:

(d) If goods are brought into this state while a security interest therein is perfected in any manner under the law of the jurisdiction from which the goods are removed and a certificate of title is issued by this state and the certificate does not show that the goods are subject to the security interest or that they may be subject to security interests not shown on the certificate, *the security interest is subordinate to the rights of a buyer* of the goods who is not in the business of selling goods of that kind to the extent that he gives value and receives delivery of the goods after issuance of the certificate and without knowledge of the security interest.

Tenn.Code Ann. § 47–9–103(2)(d). If the bankruptcy trustee qualifies as a "buyer," paragraph (2)(d) will govern this case.

The term "buyer" is not defined by the U.C.C., but "[b]uying ... does not include a transfer ... for or in total or partial satisfaction of a money debt...." Tenn. Code Ann. § 47–1–201(9).

Section 544(a) of the Bankruptcy Code provides:

(a) *The trustee shall have*, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, *the rights and powers of, or may avoid any transfer* of property of the debtor *or any obligation* incurred by the debtor *that is voidable by—*

(1) *a creditor that extends credit to the debtor* at the time of the commencement of the case, *and that obtains,* at such time and with respect to such credit, *a judicial lien* on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

 ... or

(3) *a bona fide purchaser of real property* ....

11 U.S.C. § 544(a) (Clark Boardman Callaghan 1992) (emphasis added). Under this section, either the trustee has the equivalent of a judgment lien, which is a transfer in satisfaction of a money debt, or the trustee is in the position of a purchaser of realty, which does not qualify as a buyer of goods under § 47–9–103(2)(d). Therefore, because the trustee is not a buyer, paragraph (2)(d) does not apply to this case.

### b. The Second Cross–Reference: Paragraph (1)(d)

Since paragraph (2)(d) is not applicable, paragraph (2)(c) next refers to paragraph 47–9–103(1)(d), which states:

(d) When collateral is brought into and kept in this state while subject to a security interest perfected under the law of the jurisdiction from which the collateral was removed, the security interest remains perfected, but *if action is required by part 3 of this chapter to perfect the security interest,*

(i) if the action is not taken before the expiration of the period of perfection in the other jurisdiction or the end of four (4) months after the collateral is brought into this state, whichever period first expires, *the security interest becomes unperfected at the end of that period* and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal; and

(ii) if the action is taken before the expiration of the period specified in subparagraph (i), the security interest continues perfected thereafter.

Tenn.Code Ann. § 47–9–103(1)(d) (emphasis added).

### 3. ANALYSIS OF PARAGRAPH (1)(d)

#### a. Is Action Required by Part 3?

■ The introductory portion of this paragraph raises the issue of whether "part 3" requires "action." If not, BCI's interest remains perfected; if action is required, the analysis must continue to the subsequent subparagraphs.

The pertinent provisions of "part 3" state:

(3) The filing of a financing statement otherwise required by this chapter is not necessary or effective to perfect a security interest in property subject to:

 . . . ... .

(b) statutes of this state ... which require indication on a certificate of title of such security interests in such property....

(4) Compliance with a statute or treaty described in subsection (3) is equivalent to the filing of a financing statement under this chapter, and *a security interest in property subject the statute or treaty can be perfected only by compliance therewith* except as provided in § 47–9–103 on multiple state transactions.

Tenn.Code Ann. § 47–9–302(3)(b), (4) (emphasis added). Because Tennessee requires that a lien on an automobile be noted on the certificate of title, this court finds that "part 3" requires "action" to perfect a security interest.

#### b. Subparagraph (1)(d)(i)

Continuing with the analysis of § 47–9–103(1)(d), subparagraph (i) applies because BCI has failed to note its lien on the debtors' certificate of title before the end of four months. *See* § 47–9–103(1)(d)(i) ("if the action is not taken before the expiration of the period of perfection in the other jurisdiction or the end of four (4) months after the collateral is brought into this state...."). By the terms of this subparagraph, BCI's security interest is unperfected, and the trustee must prevail. *See id.* ("if the action is not taken ... the security

interest becomes unperfected...."). *See also* James J. White & Robert S. Summers, *Uniform Commercial Code* § 22–21, at 1057 (3d ed. 1988) [hereinafter White & Summers] ("Reading (d)(i) in a straightforward manner, we would conclude that the interest of a purchaser or lien creditor *that arose after the four-month period* would be superior to the claim of the secured creditor in the original state." (emphasis added)).

#### c. An Aside: The Last Phrase of Subparagraph (1)(d)(i)

The statutory text involved in this case is susceptible to legitimate confusion, and the court finds it should distinguish the facts of this case from one in which the last phrase of subparagraph (1)(d)(i) would apply.

According to this phrase, after four months a security interest "is thereafter deemed to have been unperfected as against a person who became a purchaser after removal...." Tenn.Code Ann. § 47–9–103(d)(1)(i). This phrase applies when two conditions are present. First, a party must take action (*e.g.*, becoming a "purchaser" or obtaining a judgment lien) against the debtor's property *during* the four-month period, and second, the original secured creditor must not perfect its security interest until *after* expiration of the four-month period.

Under this factual scenario, the original creditor has priority over the subsequent creditor during the four-month "grace period." At the end of that period, however, it is arguable that the priorities reverse when the original creditor becomes unperfected. The last phrase of paragraph (1)(d)(i) reflects a balance struck by the authors of the U.C.C. to resolve this problem of priorities. The authors chose to protect "purchasers" by allowing them to benefit from the original creditor's failure to re-perfect. On the other hand, the authors decided that the priority of nonpurchaser judgment lien creditors, including a bankruptcy trustee, should be "frozen" in the junior position. *See* White & Summers § 22–21, at 1054–57.

This wrinkle of the U.C.C., however, does not protect BCI in this case because the trustee only obtained rights to the property after BCI's security interest became unperfected at the end of the four-month grace period. Therefore, the trustee's interest prevails over that of BCI.

### IV. CONCLUSION

Based on the foregoing, the court will enter an order granting the trustee's motion for summary judgment and denying BCI's motion.