**In re Sherrill L. DAULTON and Elfreda Daulton.**

**James R. WESTENHOEFER, Trustee, Plaintiff,**

v.

**NAVISTAR FINANCIAL CORPORATION, et al., Defendants.**

**Bankruptcy No. 92–60248. Adv. No. 92–6028.**

United States Bankruptcy Court, E.D. Kentucky, Corbin Division.

May 20, 1993.

James R. Westenhoefer, Richmond, KY, for trustee.

Guy M. Graves, Lexington, KY, for Navistar Financial Corp.

**8**

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

By Agreed Order Submitting Case for Ruling entered March 31, 1993, this matter was submitted to the Court for ruling upon the record. The parties submitted Joint Stipulation of Facts to the Court on March 8, 1993 which appear to stipulate all of the relevant facts involved in this controversy.

Sherrill L. Daulton and Elfreda Daulton ("debtors") are residents of Nancy, Kentucky and have a business address in Louisville, Kentucky. On October 22, 1990 Sherrill L. Daulton ("Daulton") contracted to buy a new 1991 Navistar tractor and a new 1991 Mid–Range trailer from defendant Zaremba Equipment, Inc., a Michigan vehicle dealer. The total purchase price was $83,213.18. The contract contained appropriate language to grant the seller a security interest in the tractor and trailer. Zaremba then assigned its interest in the contract (including the security interest in the tractor and trailer) to defendant Navistar Financial Corporation ("Navistar"). Kentucky state sales tax was calculated and collected in the transaction.

Zaremba shipped the tractor and trailer to Arkansas for customization at debtors' request and, upon completion of the work, debtors drove the tractor and trailer to Louisville where they leased out the tractor and trailer.

While the debtors have obtained an "Illinois Apportionment Identification Card" the vehicles have not been registered in any other state. No certificate of title has ever been issued for either the tractor or the trailer. Zaremba assigned the Certificate of Origin for the tractor and the Manufacturer's Statement of Origin for the trailer to the debtors. Both of these latter documents contain appropriate notations to indicate the security interest of Navistar. No financing statement has been filed concerning this transaction.

The debtors filed a proceeding in bankruptcy before this Court on March 31, 1992 under chapter 7 and the plaintiff was appointed trustee.

The trustee contends that the security interest the debtors granted to Navistar's assignor is unperfected and that, by virtue of 11 U.S.C. § 544(a), the trustee, having the lien of a hypothetical judgment lien creditor, prevails under Kentucky law. Navistar contends that it would prevail over a judgment lien creditor under Kentucky law and therefore must prevail over the trustee.

I

Navistar argues that Kentucky Revised Statutes Chapter 186 requires perfection of such liens by notation on the certificate of title and, when no certificate is issued, no notation of such lien is required. This argument continues that the debtors are under a statutory duty to have a certificate of title issued and that Navistar should not suffer from the failure of the debtors to do so.

KRS 186A.065 requires that the owner of a vehicle obtain a certificate of registration and a license plate and apply for a certificate of title for any such vehicle before it may be operated upon the highways of Kentucky.

■ Where a creditor has properly filed a financing statement but the clerk has failed to note the lien on the certificate of title, the lien is unperfected and the trustee in bankruptcy, as judgment lien creditor, prevails over the unperfected lien creditor. *Higgason v. Hyden Citizens Bank, et al.,* 1989 WL 306192 (Bkrtcy.E.D.Ky.), *In re Meek,* 1991 WL 368017 (Bkrtcy.E.D.Ky.).

■ The question in the present case is whether or not this result is changed by the fact that the lien of the creditor was noted on the Certificate of Origin and the Manufacturer's Statement of Origin for the tractor and trailer, respectively, and no certificate of title was issued. Navistar asserts that since it is the owner's duty to obtain a certificate of title where the buyer fails to do so, the result is the fault of the owner/debtor and the creditor should not suffer from the owner/debtor's nonfeasance or malfeasance, citing *In re Littlejohn,* 519 F.2d 356 (10th Cir.1975). Howev-

er see *In re Kerr*, 598 F.2d 1206 (10th Cir.1979) in which the Tenth Circuit, because of a statutory change providing an alternate and easier method of perfection, abandoned the rule of *Littlejohn*. The argument asserted by the creditor would not require the creditor to take available steps to protect itself including obtaining authority from the buyer to submit to proper authorities the proper documentation to obtain the certificate of title.

This same argument was made to the United States District Court for the Western District of Virginia in a case very similar to the present case. *Richlands National Bank v. Smith, et al.*, 34 B.R. 749 (E.D.Va.1983). Despite the fact that the liens involved in that case were noted on the certificates of origin, as here, that court said

> It follows that if no certificate of title has issued showing such lien, then the lien is unperfected: The security interest must be filed with the DMV. Perfection of a lien on a motor vehicle can be accomplished only by indicating the security interest on the face of the certificate of title.

At page 752.

There is substantial case law authority for the proposition that the creditor has the responsibility to see to the perfection of its lien and must bear the responsibility if the proper filing is not accomplished. *In re Cossairt*, 43 B.R. 41 (Bkrtcy.W.D.Mich. 1984); *Payment Plans, Inc. v. Strell, Trustee*, 717 F.2d 25 (2nd Cir.1983); *In re The Chief Freight Lines Company*, 37 B.R. 436 (Bkrtcy.N.D.Ok.1984); *In re Toderian*, 151 B.R. 467 (Bkrtcy.M.D.Tenn.1992); *In re Groves*, 64 B.R. 329 (Bkrtcy. M.D.Tenn.1986). In *Groves*, in concluding that Tennessee law requires a lien to be noted on the certificate of title to be perfected, Judge Paine rejected the creditors claim of an equitable lien and found that the creditor "... became the master of its own misfortune". At page 331. This Court agrees with that conclusion and believes that sound policy dictates that creditors must assume the responsibility for seeing to the perfection of their own security

interests or bear the consequences when they do not do so.

II

The creditor next contends that, although no notation of the lien appeared on a certificate of title to the tractor and trailer because none was ever applied for, the trustee as hypothetical judgment lien creditor was on "inquiry notice" under Kentucky law to inquire as to liens on the vehicles since, in any transfer, a certificate of title would have to be produced and, if produced, would necessarily have shown the liens noted on the Certificate of Origin and Manufacturer's Statement of Origin. This argument requires the assumption that if the certificate of title had been applied for it would have been properly issued to reflect Navistar's lien. Experience does not necessarily dictate that this result would follow such application, but that argument aside, it appears that there are more fundamental problems with this argument.

In fact Kentucky law does put subsequent lien claimants on inquiry notice of potential pre-existing liens. *Nolan Production Credit Ass'n v. Canmer Deposit Bank*, Ky.App., 726 S.W.2d 693 (1986). This inquiry notice principle is applied in the determination of the adequacy of the description of collateral in a properly filed financing statement. No financing statement was filed here and the cases cited by creditor do not indicate that inquiry notice applies where a search of the proper records would reveal nothing as here. Applying the rationale of the creditor would also yield the strange result that the creditor who has not recorded its lien properly has exactly the same protection as a creditor who has taken all the steps required to perfect its interest. See *Cossairt*, supra, at page 44. As above, sound policy dictates that creditors must be charged with the responsibility of seeing to the perfection of their own liens.

For the above reasons, the Court finds that the liens of Navistar were not perfected at the time of the filing of the petition herein and the trustee, as hypothetical judgment lien creditor pursuant to

11 U.S.C. § 544(a)(1), must prevail. A separate order will be entered herein.