In the Matter of Richard Eugene LITTLEJOHN and Patricia Lee Littlejohn, Bankrupts.

COMMERCE BANK, N. A., Appellant,

v.

William R. CHAMBERS, Trustee in Bankruptcy, Appellee.

No. 74–1505.

United States Court of Appeals, Tenth Circuit.

June 25, 1975.

Dennis G. Muller, of Muller & Muller, Kansas City, Mo., for appellant.

William R. Chambers, Kansas City, Kan., for appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

Commerce Bank appeals from an order of the District Court upholding the order of the Referee in Bankruptcy which denied the Bank's petition for reclamation of a 1972 Volkswagen from the estate in Bankruptcy of Richard and Patricia Littlejohn.

On December 20, 1972, the Littlejohns purchased a new 1972 Volkswagen from Merriam Motors, Inc., a Kansas automobile dealer. Merriam Motors issued to the Littlejohns a sales tax receipt and a bill of sale which showed a lien on the car in favor of Commerce Bank. The Littlejohns kept these documents but did not apply for registration or a certificate of title for the car. June 5, 1973, they filed a voluntary petition in bankruptcy. The Bank filed a reclamation petition, as the holder of a security interest in the Volkswagen. The Trustee in Bankruptcy applied for authority to sell the car, denying that the Bank's security interest was perfected. The Referee in Bankruptcy denied the reclamation petition, and the United States District Court, District of Kansas, upheld the denial.

The Bank's position is this: § 9–302 of the U.C.C., as adopted in Kansas and amended in 1967, provides that the exclusive method of perfecting a security interest in a motor vehicle (not held as inventory for sale) is by notation of the lien on the certificate of title. The U.C.C. espouses a theory of "notice filing" and is to be construed liberally. Application for a certificate of title on a new vehicle is clearly the duty of the purchaser under the statutory provisions for car titles. The Bank urges that it had done everything required of it to perfect its lien when the buyer was given a bill of sale which contained a notation of the lien. This it says is sufficient to give notice of the lien to any prospective purchaser or creditor, and thus, the lien of the Bank is valid against the Trustee in Bankruptcy.

The Trustee's position is: the lien could not be perfected until it was noted on the certificate of title, no certificate of title was applied for or obtained, the case law holds that the Certificate of Title statutes are to be strictly construed, and, thus, the lien is not valid against the Trustee.

The Referee in Bankruptcy and the District Court adopted the position of the Trustee. The District Judge further held in his opinion that the Bank could have easily perfected its lien by having the Littlejohns designate the Bank as their agent for purposes of making application for the certificate of title.

Perfection of a security interest in a motor vehicle is governed by Kan.Stat. Ann. § 84–9–302 (Supp.1974):

"(3) A security interest in

. . . . .

(c) a vehicle (except a vehicle held as inventory for sale) subject to a statute of this state which requires indication on a certificate of title or a duplicate thereof of such security interests in such vehicle:

Can be perfected only by presentation, for the purpose of . . . such indication, of the documents appropriate under any such statute to the public official appropriate under any such statute and tender of the required fee to or acceptance of the documents by such public official. Such presentation and tender or acceptance shall have the same effect under this article as filing under this article, and such perfection shall have the same effect under this article as perfection by filing under this article."

The "appropriate documents" to obtain a certificate of title showing a notation of lien would appear at first to be simply the application for certificate of title, bill of sale showing notation of lien, and the applicable fee. Kan.Stat.Ann. § 8–135 (Supp.1974). Closer analysis of the motor vehicle statutes reveals that the application for the original certificate of title must be made simultaneously with application for registration of the vehicle. Kan.Stat.Ann. § 8–135(c), and § 8–129 (1964). § 8–143 (Supp.1974) pre-

scribes an additional fee for registration of a vehicle. An application for registration of a vehicle is not complete unless accompanied by a receipt showing that the owner has paid his personal property tax for the preceding year, and evidence of tax assessment of the vehicle itself. Kan.Stat.Ann. § 8–173 (Supp.1974). Thus, to obtain a certificate of title on the 1972 Volkswagen, the Littlejohns were required to present to the county treasurer: an application for an original certificate of title, the title fee, bill of sale showing the Bank's lien, application for registration of the car, the registration fee, proof of payment of personal property taxes, and evidence of tax assessment of the vehicle. We cannot hold that the burden of assembling all of these items is to be placed on the lienholder Bank.

In the case before us, we must consider the Uniform Commercial Code and the Certificate of Title statutes as a single statutory scheme for the perfection of a security interest in a motor vehicle.

[1, 2] Kansas case law has established that the provisions relating to certificates of title, including § 8–135, are to be interpreted literally and strictly enforced. Melton v. Prickett, 203 Kan. 501, 456 P.2d 34; Wilcox Trailer Sales, Inc. v. Miller, 200 Kan. 315, 436 P.2d 860; Maryland Casualty Co. v. American Family Insurance Group, 199 Kan. 373, 429 P.2d 931; Tilson v. Newell, 179 Kan. 73, 293 P.2d 227. In those cases, however, the concern of the court was in promoting the purposes of the Certificate of Title provisions, independent of any function in perfection of liens. The various purposes behind § 8–135 and its companion sections are to provide a ready means for ascertaining the owner of a motor vehicle, compel payment of sales tax by the purchaser of an automobile, prevent fraud and theft of automobiles, prevent trafficking in stolen automobiles, and to lend stability to the business climate surrounding the sale of automobiles. Melton v. Prickett, 203 Kan. 501, 456 P.2d 34; Wilcox Trailer Sales, Inc. v. Miller, 200 Kan. 315, 436 P.2d 860;

Maryland Casualty Co. v. American Family Insurance Group, 199 Kan. 373, 429 P.2d 931.

In requiring strict enforcement of § 8–135 the courts were concerned with protecting the purchaser where the seller failed to deliver the certificate of title or a bill of sale for the purchased vehicle. Wilcox, for example, involved the sale of a new trailer where the seller did not give the buyer a bill of sale or certificate of title. Melton, Maryland Casualty, and Tilson all involved sales of used vehicles, in which the seller failed to sign over the certificate of title as required by § 8–135(c)(6). In this case, it is the purchaser, not the seller, who failed to comply with § 8–135. Thus, strict construction of the Certificate of Title statutes is not applicable here.

■ Security interests in Kansas are generally governed by the Uniform Commercial Code, Kan.Stat.Ann. §§ 84–1–101, et seq. § 84–9–302(3)(c) creates an exception in the case of motor vehicles, allowing perfection of security interests in motor vehicles by indication on the certificate of title. The certificate of title statutes, when applied as lien perfection statutes, should be construed in harmony with the general U.C.C. scheme for perfection of security interests. The U.C.C. is based on a system of "notice filing" designed to simplify the filing requirements for perfecting a security interest. Only "the minimum information necessary to put any searcher on inquiry" is placed on the public record. In re Hollis, 301 F.Supp. 1, 3 (D.Conn.); In re Fried Furniture Corp., 293 F.Supp. 92 (E.D.N.Y.), aff'd, 407 F.2d 360 (2d Cir.).

■ The statutory scheme in Kansas clearly contemplates that it is the responsibility of the purchaser of a new vehicle to obtain the certificate of title, and the cases have so held. Wilcox Trailer Sales, Inc. v. Miller, 200 Kan. 315, 436 P.2d 860; Knisley v. Wright, 192 Kan. 279, 387 P.2d 154; Tilson v. Newell, 179 Kan. 73, 293 P.2d 227. Once Merriam Motors had given the Little-

johns a bill of sale, indicating the lien of the Bank, this is sufficient to place a potential buyer or creditor on notice of the existence of the lien. In the absence of fraud, a certificate of title, when issued, would contain a notation of the lien. Thus, only through fraud could a certificate of title be obtained which didn't show the lien.

To require the holder of the security interest to insure issuance of a certificate of title is an added requirement on the lienholder not contemplated by statute. Even a literal reading of § 84–9–302(3)(c) requires only *tender* of the appropriate documents and fee, not actual issuance. *See,* In re Dobbins, 371 F.Supp. 141 (D.Kan.); In re Jackson, 268 F.Supp. 434 (E.D.Mo.), aff'd, *sub nom.*; Zuke v. Mercantile Trust Company National Association, 385 F.2d 775 (8th Cir.).

There is no claim in this case of prejudice to unsecured creditors or purchasers arising from failure to obtain a certificate of title. Denying the Bank's claim for possession of the Volkswagen was, in fact, a windfall to the unsecured creditors.

We conclude that the Bank did all that was required of it under the circumstances to perfect its security interest. The Bank should not be penalized for the Littlejohns' failure to comply with their responsibility to obtain a certificate of title for their vehicle. Our analysis is supported by the case In re Dobbins, 371 F.Supp. 141 (D.Kan.). That case concerned § 9–103 of the U.C.C. (perfecting a security interest in equipment operated in more than one jurisdiction).

The trial court here expressed concern that debtors by failing to comply with § 8–135 could "defeat the Uniform Commercial Code's purpose of placing perfection solely within the power and prerogative of the creditor." This is a factor, but the exception relating to motor vehicles must be operative, and under the Kansas decisions the above result appears to be mandated.

The Bank's security interest in the Littlejohns' 1972 Volkswagen was valid against the Trustee in Bankruptcy, and it was error to deny the reclamation petition.

The decision of the District Court is reversed.