**In re Captain Robert F. BUNDY, Jr., D.D.S., Debtor.**

**Harold YOUNG, Trustee, Plaintiff,**

**v.**

**PENTAGON FEDERAL CREDIT UNION and Dr. Robert F. Bundy, Jr., Defendants.**

**Bankruptcy No. 80–B–10873.
Adv. No. 80–5372–A.**

United States Bankruptcy Court, S. D. New York.

Dec. 10, 1981.

820

Harold Young, New York City, for Trustee.

John L. Edmonds, New York City, for defendant, Pentagon.

## OPINION

ROY BABITT, Bankruptcy Judge:

Section 544(a) of the 1978 Bankruptcy Code,[1] historically called the "strong-arm clause", gives to a bankruptcy trustee something more than its predecessor, Section 70(c), 11 U.S.C. (1976 Ed.) § 110(c), of the now repealed 1898 Act gave.[2] For purposes of this dispute, however, a trustee under either statute stands by force of law

"as the ideal creditor, irreproachable and without notice, armed *cap-a-pie* with ev-

ery right and power which is conferred by the law of the state upon its most favored creditor . . .".

*Matter of Waynesboro Motor Company*, 60 F.2d 668 (D.C.Miss.1932).

Seizing on his ideal, hypothetical status and what flows therefrom under Sections 544(a)(1) or (2), the trustee of the estate of the debtor, Robert F. Bundy, began an adversary proceeding under Part VII of the Bankruptcy Rules, Rules 701 *et seq.*, 411 U.S. 1068 *et seq.*,[3] by filing a complaint. Rule 703. He sought thereby to invalidate a lien on a vehicle asserted by the defendant. Rule 701(1). Although an answer was interposed, the trustee moved for a summary judgment declaring the defendant's lien on the automobile to be void, with the result that it may be sold free of any lien and the proceeds available for all the debtor's unsecured creditors. Rule 756, 411 U.S. 1084, 93 S.Ct. 3159, 37 L.Ed.2d lxxii, makes F.R.Civ.P. applicable to adversary proceedings.

The court is satisfied that the trustee has carried his burden of showing that there are no material issues to be tried, *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1319–1320 (2nd Cir.), and that only legal issues must be resolved. The court finds these to be the controlling facts as to which there can be and is no dispute: Captain Robert F. Bundy, Jr., an Army dentist, filed a petition with this court for the relief given by Chapter 7 of the 1978 Bankruptcy Code. In the unfolding of the statutory scheme, a trustee in bankruptcy, the plaintiff, began his stewardship, and the debtor did not avail himself of the automobile exemption allowed by Section 522(d)(2) of the Code.

In November, 1978, while he was stationed in Germany, the debtor purchased a 1979 BMW car, financed by the defendant,

---

1. Pub.L. 95–598, 92 Stat. 2549 *et seq.* The provisions of the Code apply to petitions filed, as here, after its October 1, 1979 effective date.

2. See Section 544(a)(3) affecting real property. As to such property, Section 544(a) gives the trustee the status of a hypothetical bona fide purchaser, something the 1898 Act did not give.

3. These procedural rules retain their vitality as they are not inconsistent with the substantive provisions of the Code. See Section 405(d) of Title IV of the 1978 statute, 92 Stat. 2685.

Pentagon Federal Credit Union (hereafter called Pentagon), in the amount of $9,634.00. As noted on the bill of sale, Pentagon secured itself by the car the debtor bought, and which he later moved to Georgia when transferred there from Europe. Although the debtor claims that he filed for registration and a certificate of title in Georgia, no record exists to support that assertion, but Pentagon insists that it has a validly perfected security interest in the automobile.

In resisting the trustee's suit to invalidate its alleged lien and to compel the vehicle to be sold free of any lien, Pentagon maintains that it did all it had to do to protect its lien and that the debtor had to do whatever was called for by applicable law.

For the reasons which follow, the court concludes that Pentagon failed to do what Georgia law requires of it and that therefore its lien fails to withstand the trustee's challenge.

At the outset, the court accepts the tendency to treat as controlling the law of the situs of the automobile when the debtor filed his petition. 4 *Collier on Bankruptcy* (15th ed.) par. 544.02. Here, both sides agree that Georgia law controls.[4]

And so the court turns to applicable Georgia law. Both the Georgia Motor Vehicle Certificate of Title Act, § 68–406a and 68–421a, and Georgia Code § 109A–9–103 apply, and both compel the court's conclusion. This is so because both were "adopted at the same session of the Georgia General Assembly and as they relate in part to the same subject, they must be construed in *pari materia*." *General Motors Acceptance Corp. v. Whisnant*, 387 F.2d 774, 774 (5th Cir. 1968). The filing requirement of U.C.C. § 9–302 for perfection of a security interest in a motor vehicle was adopted by the Georgia legislature and is an essential element of the Georgia Motor Vehicle Certificate of Title Act. Section 68–421a of that statute clearly states that the *exclusive*

method of perfecting a security interest in a motor vehicle is through notation on a certificate of title. In light of such plain insistence, the question presented here is who has the burden of perfecting by compliance with § 68–421a.

It cannot be gainsaid that such burden should normally fall upon the owner of the vehicle. In short, the owner should file for both registration and a certificate of title. But when the owner fails to file, the Georgia legislature has spoken plainly in giving an alternative means of perfection by the secured creditor which is designed to be both simple and inexpensive. Section 68–421a of the Georgia Code allows the lienholder to perfect its interest by executing a title application and notice of its lien for a $1.00 fee. This mode is designed to avoid the injustice of a security interest lost to a lienor by the negligence or inaction of the debtor.

Nonetheless, Pentagon presses the continuing vitality of *In re Littlejohn*, 519 F.2d 356 (10th Cir. 1975), here although it emanates from neither this nor the Circuit Court with jurisdiction over Georgia. That court held that in Kansas, the statute "provides that the exclusive method of perfecting a security interest in a motor vehicle . . . is by notation of the lien on the certificate of title . . . application for a certificate of title on a new vehicle is clearly the duty of the purchaser under the statutory provisions for car titles." *Id.*, at 357. As the Kansas statute provided a complex procedure for perfection of the security interest by the lienholder, the court concluded that it would not place "the burden of assembling all of these items on the lienholder . . . ." *Id.*, at 358.

But *Littlejohn* was overruled in *Matter of Kerr*, 598 F.2d 1206 (10th Cir. 1979) where the court held that a lienholder must do all he can to protect and perfect his interest. The court said:

"When the law provides a simple and inexpensive way to perfect the lien the

---

4. Where filing is required in a multi-state situation, as with automobiles, Section 9–103(2)(b) of the 1978 version of the Uniform Commercial Code (U.C.C.) states that perfection is governed by the law of that jurisdiction issuing the certificate, here, Georgia.

creditor should be required to use it if the creditor desires protection against failure of the debtor to register the car ...."
*Id.*, at 1209. This court agrees and concludes that the *Kerr* decision should control here in light of the pronouncements by the Georgia legislature.

The distinction between *Littlejohn* and *Kerr* is one of statutory intent. "To require the holder of the security interest to insure issuance of a certificate of title is an added requirement on the lienholder not contemplated by statute." *In re Littlejohn, supra*, at 359. But Georgia did reflect and contemplate, for its legislature recognized that there would be occasions when the lienor would need to procure the issuance of a certificate of title to perfect its interest.

Accordingly, the Georgia Motor Vehicle Act provided a simple and inexpensive means of perfection open to the lienholder. Despite Georgia's benign understanding of the problem, the fact is that the defendant here was in the best position to protect itself easily and inexpensively. As it did not do so, defendant's interest in the debtor's vehicle is vulnerable to the superior claim of an ideal hypothetical lien creditor. As Section 544(a) gives the trustee this status and the power to prime the defendant's interest as of the date of the bankruptcy petition, *Lewis v. Manufacturers National Bank of Detroit*, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961), the trustee is entitled to a summary judgment invalidating defendant's lien, taking the vehicle free of lien, selling it and distributing the proceeds in keeping with Congress' scheme for the distribution of property to a debtor's unsecured creditors.

Submit an order.[5]

---

5. Although the debtor was named as a defendant, he turned over the vehicle to the trustee, and thus, as to him, the lawsuit is moot since he does not dispute that the vehicle is property of the estate.