In re Thomas Michael
SULLIVAN, Debtor.

D. Michael ROUNDS, Stephen E.
Rounds and the Estate of Alice
S. Rounds, Applicants,

v.

Thomas Michael SULLIVAN,
Respondent.

Bankruptcy No. 87 B 08655 J.

United States Bankruptcy Court,
D. Colorado.

Feb. 3, 1988.

H. Christopher Clark, Interim Trustee, Denver, Colo., for trustee.

John B. Wasserman, Katch, Anderson & Wasserman, Denver, Colo., for applicants.

George T. Carlson, Denver, Colo., for debtor/respondent.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER comes before the Court on a Motion for Relief from Stay filed by D. Michael Rounds, Stephen E. Rounds, ("Heirs") and the Estate of Alice S. Rounds ("Estate").

The Debtor was appointed personal representative of the Estate of Alice S. Rounds on February 19, 1979. On April 3, 1986, the Arapahoe County District Court issued an Order to Show Cause requiring the Debtor to appear before the Court regarding the Estate. The same court issued a preliminary injunction on August 27, 1986, enjoining the Debtor from transferring, encumbering or disposing of his real or personal property. The Debtor received a Modification of Restraining Order from the court which permitted him to sell his condominium in Hawaii.

On March 17, 1987, the Arapahoe County District Court entered judgment against the Debtor in favor of Stephen and Michael Rounds in the amount of $29,752.92, and in favor of the Estate of Alice S. Rounds in the amount of $49,500.00. On March 31, 1987, the Debtor filed a Motion for Stay of Execution. A hearing was set but has been stayed by Debtor's bankruptcy petition.

As a result of the sale of the Debtor's Hawaii condominium, the Debtor received two certificates of deposit: one for $5,386.00 deposited in the registry of the Arapahoe County District Court on April 2, 1987, and one for $32,131.92 deposited in the registry of the Arapahoe County Dis-

trict Court on April 9, 1987. The $5,386.00 certificate matured on April 30, 1987 and Colorado National Bank issued a certified check to the Debtor for the certificate amount. The Debtor then purchased a new certificate and deposited it with the Court on May 5, 1987.

The Heirs recorded the Transcript of Judgment for their $29,752.92 judgment in Arapahoe County on April 10, 1987. As far as the Court can determine from the documents presented to it, no Transcript of Judgment was ever recorded for the Estate's judgment of $49,500.00.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on July 23, 1987 and the Heirs and Estate then filed for relief from stay to allow them to execute on the certificates of deposit in the registry of the Arapahoe County District Court.

It is the Heir's contention that the preliminary injunction gives them a judicial lien. In support of this premise, they cite *In re McNeely*, 51 B.R. 816 (Bankr.D.Utah 1985). However, *McNeely* concerned a pre-judgment writ of attachment, whereas in the case before this Court, the Heirs failed to obtain a writ of attachment. Such failure is key to the outcome of this case. While a writ of attachment secures specific property for the benefit of a specific party, the preliminary injunction merely restrains someone from doing something. In this case, the preliminary injunction did not secure any specific property for the benefit of the Heirs or the Estate, and cannot be held to have created a judicial lien.

In the alternative, the Heirs argue that they have an equitable lien on the funds deposited with the Arapahoe County District Court. An equitable lien is "the right, not recognized at law, to have a fund or specific property or its proceeds applied to the payment of a debt," *In re Hart*, 50 B.R. 956 (Bankr.D.Nev.1985). One of the issues in determining the existence of an equitable lien is whether the creditor has done all it reasonably can do to perfect its lien. *In re Solar Energy Sales & Serv., Inc.*, 4 B.R. 364 (Bankr.D.Utah 1980). Again, this Court must cite the fact that the Heirs failed to obtain a writ of attach-

ment when they could reasonably have done so.

Even assuming the existence of an equitable lien in favor of the Heirs and the Estate, they would not be in any better position. *In re O.P.M. Leasing Services, Inc.*, 23 B.R. 104 (Bankr.S.D.N.Y.1982) held that an equitable lien is subordinate to the subsequent legal lien of a judgment creditor and is thus invalid against the Trustee in bankruptcy. As the court in *O.P.M. Leasing* stated, the legislative history of the Bankruptcy Code makes clear that Article 9 of the UCC treats equitable liens as unperfected security interests which the Trustee can set aside. H.R.Rep. No. 595, 95th Cong., 1st Sess. 209 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

The Heirs also contend that placing the certificates of deposit in the registry of the Court comprised a sequestration of those funds for their benefit. Funds deposited in the Court pursuant to C.R.C.P. 67 are not necessarily immune from attachment by third parties. If the funds can be attached by third parties, the Heirs and the Estate do not have a valid lien on such funds.

This Court finds that D. Michael Rounds, Stephen E. Rounds and the Estate of Alice S. Rounds are entitled to neither an equitable nor judicial lien on the funds deposited with the Arapahoe County District Court and their Motion for Relief from Stay is hereby denied.