In re Demetra **RAMEY** and James Ramey, Debtors.

Daniel A. Hepner, Plaintiff,

v.

Daimler Chrysler Services North America, LLC, Defendant.

Bankruptcy No. 04–37603 HRT. Adversary No. 05–1184 HRT.

United States Bankruptcy Court, D. Colorado.

Jan. 10, 2006.

Virginia M. Dalton, Pearlman & Dalton, P.C., Denver, CO, for Plaintiff.

Stephen P. Hale, Husch & Eppenberger, LLC, Memphis, TN, Neal K. Dunning, Brown Beradini & Dunning PC, Denver, CO, for Defendant.

### ORDER AVOIDING LIEN

HOWARD R. TALLMAN, Bankruptcy Judge.

This case comes before the Court on Plaintiff's *Amended Complaint.* This mat-

ter was tried to the Court on September 26, 2005. The Court has reviewed its file in the bankruptcy case; the pleadings in this adversary case; and the evidence submitted at trial. It has considered the arguments advanced by counsel and is ready to rule.

On October 26, 2005, this Court issued its *Order Regarding Trustee's Complaint to Recover Preferential Transfer* in the case of *Hepner v. AmeriCredit Financial Services, Inc., (In re Baker)*, 338 B.R. 470 (Bankr.D.Colo.2005) ["*Baker*"]. That case involved an issue that is common to this case as well as several others that are currently pending in this division and other divisions of this Bankruptcy Court.

In *Baker*, this Court determined that, under the structure of Colorado's Certificate of Title Act, motor vehicle lien perfection does not occur until the county clerk electronically files the lien in the state's Central Registry. It may take several days for any particular county clerk to act on a lien application and perfect the creditor's lien. As a consequence, an automobile lien in this state may be vulnerable to avoidance by a bankruptcy trustee even though the creditor acted promptly to perfect its interest.

Because *Baker* is on appeal to the District Court, this Court held a status conference on December 5, 2005, with the parties involved in many of the cases that present issues similar to *Baker*. The Court was interested in getting input from the parties as to whether these cases should be ruled on in the ordinary course or whether the parties would be better served by holding cases in abeyance while the District Court considers the *Baker* appeal. The parties in this case requested that it not be held in abeyance and asked the Court to rule on the case in the ordinary course.

■ The evidence in this matter revealed that James L. Ramey purchased and took possession of a new 2004 Dodge Durango pickup truck (VIN# 1D4HB48N64F201637) [the "Vehicle"] on December 11, 2004. He purchased the Vehicle from Champion Chrysler Jeep Dodge and the purchase was financed by Daimler Chrysler Services North America, LLC, the Defendant in this case. Twelve days after he purchased the Vehicle, on December 23, 2004, Mr. Ramey filed a joint bankruptcy petition, Case No. 04–37603 HRT, with his wife. On December 27, 2005, sixteen days after the purchase date and subsequent to the filing of the Rameys' bankruptcy petition, Defendant delivered the Vehicle title and lien documents to the Weld County Clerk and Recorder's Office. On January 6, 2005, twenty-six days after the purchase date, the clerk's office electronically filed the Defendant's lien in the state's Central Registry. The state of Colorado issued a Certificate of Title on February 8, 2005. The title shows that the Defendant is the first lienholder. The title also includes entries of "Date Filed 01/06/2005" and "Date Accepted 01/06/05."

In this action, the Plaintiff seeks to avoid Defendant's lien under § 544(a). In the parties' *Joint Pretrial Statement*, the parties stipulate that the initial issue before the Court in this case is

Whether Defendant's lien against the Vehicle was perfected on December 27, 2004, when Defendant's lien and title paperwork were delivered to the county, or on January 6, 2005, when Defendant's security interest was filed within the central registry.

In addition, the parties state that

If the Court finds that the lien was perfected on January 6, 2005, Defendant

has no defense to avoidance of the transfer.

In accordance with the Court's discussion in the *Baker* case, cited above, the Court finds that Defendant's lien on the Vehicle was perfected on January 6, 2005. That is the date that the Weld County Clerk and Recorder's Office caused Defendant's lien to be filed in the Central Registry.

■ In addition to the operation of the Colorado Certificate of Title Act, which the Court discussed in *In re Baker,* the Court has also considered the Defendant's argument that it is entitled to an equitable lien on the Vehicle. Defendant asserts that equity should intervene to backdate perfection of its security interest in the Vehicle to the date it delivered its lien paperwork to the Weld County Clerk and Recorder's Office. Defendant argues that, at that point, it had done all it could do to perfect its interest and any delay that occurred took place in the recorder's office. Defendant cites to *Commerce Bank v. Chambers (In re Littlejohn),* 519 F.2d 356, 359 (10th Cir.1975); *Lentz v. Bank of Independence (In re Kerr),* 598 F.2d 1206 (10th Cir.1979); *Associates Commercial Corp. v. Green (In re Humphries),* 1 B.R. 82 (Bankr.D.Utah 1979).

*Littlejohn* was decided under a Kansas statute that required the lienholder to deliver the lien paperwork to the vehicle purchaser. It was then the duty of the purchaser to perfect the lien by making application for a new vehicle title. In that case, the bank did deliver the old title with its lien noted on the title to the Littlejohns at the time of the purchase. They never did apply for a new title and filed a bankruptcy petition some six (6) months after the purchase. The bankruptcy referee and the district court found that the bank's lien was unperfected on the petition date.

In *Littlejohn,* the Tenth Circuit created an equitable exception to a strict construction of the Kansas statute. It reasoned that, because the creditor's lien was noted on the old title, absent fraud, it would give adequate notice to any potential purchaser and the creditor should not be penalized for the Littlejohns' failure to comply with their obligation.

In the case of *Lentz v. Bank of Independence (In re Kerr),* 598 F.2d 1206 (10th Cir.1979), under a set of facts substantially similar to the *Littlejohn* case, the Tenth Circuit explicitly abandoned the rule it announced in *Littlejohn* as it applied to the Kansas motor vehicle title statutes. The reason was not that it found any infirmity in the reasoning that it had applied in *Littlejohn,* but that Kansas had changed its law. In *Kerr,* the new version of the Kansas statute that the court considered gave Kansas automobile creditors an alternative method to perfect their liens. Under the new law, the creditor could perfect its lien by submitting a lien notification directly to the state. Because the creditor in *Kerr* had not taken advantage of that alternative, it had not done all that it could to perfect its lien by simply noting its lien on the old title and giving it to the purchaser to file with the state. Under those circumstances, the equitable exception crafted in *Littlejohn* had no application. *Littlejohn* was still good law, but the changes to the Kansas statute simply made it inapplicable in the *Kerr* case.

■ Under the circumstances here, however, Defendant's equitable lien argument is misplaced. "An equitable lien is 'the right, not recognized at law, to have a fund or specific property or its proceeds

applied to the payment of a debt.'" *Rounds v. Sullivan,* 82 B.R. 133, 135 (Bankr.D.Colo.1988) (quoting *In re Hart,* 50 B.R. 956 (Bankr.D.Nev.1985)). "An equitable lien will arise where '(a)n intention to create such a charge clearly appear(s) from the language and the attendant circumstances.'" *Hassett v. Revlon, Inc. (In re O.P.M. Leasing Serv., Inc.),* 23 B.R. 104, 119 (Bankr.S.D.N.Y.1982) (quoting *Cherno v. Dutch American Mercantile Corp.,* 353 F.2d 147, 153 (2nd Cir.1965)). "The doctrine is further limited to situations where a secured creditor is prevented from perfecting its interest by an uncooperative debtor." *Id.*

It was the fact that the *Littlejohn* creditor was dependent upon the debtor to complete the necessary steps for perfection that distinguished that case from *Kerr* because the revisions to the Kansas statute removed the creditor's reliance on the debtor. It also distinguishes *Littlejohn* from the circumstances in this case. Defendant here was in no way reliant upon the Debtor for perfection of its lien. Any delay experienced by the Defendant here was the result of the design and operation of Colorado's Certificate of Title Act.

In *Littlejohn,* equity intervened to compensate for the fact that the creditor was harmed when the debtors failed to honor their duty to perfect the creditor's lien. In this case, no party failed to perform its duty. The Weld County Clerk and Recorder's Office performed its duty precisely as contemplated by the statute. If the Court were to take Defendant's invitation to craft some sort of equitable relief here, it would be rewriting a state statute rather than using its equitable powers to compensate for a debtor's malfeasance as the *Littlejohn* court did.

Furthermore, the Colorado legislature has made it abundantly clear that the only route to perfection of an automobile lien in this state is by following the procedures mandated by the Certificate of Title Act. COLO.REV.STAT. § 42–6–120(1); *see, also, Lewis v. Hare (In re Richards),* 275 B.R. 586, 591–92 (Bankr.D.Colo.2002) ("[U]nder Colorado law, the Trustee, as a hypothetical lien creditor, prevails over the equitable (unperfected) lien claim of the Creditor.").

Because the Court finds that the perfection of Defendant's lien was not effective until January 6, 2005, the parties agree that the Court need not address the issue of whether perfection of Defendant's lien relates back to the prepetition period. Therefore, it is

**ORDERED** that the lien of Daimler Chrysler Services North America, LLC, on James Ramey's 2004 Dodge Durango pickup truck (VIN# 1D4HB48N64F201637) is hereby avoided under § 544(a) and is preserved for the benefit of the estate under § 551; it is further

**ORDERED** that Plaintiff is entitled to money judgment against Defendant in an amount equal to all payments which have, to the date of judgment, been made by Mr. Ramey to the Defendant plus costs. Defendant is directed to advise the Court, within ten (10) days, of the amount of those payments.