**In re Christie Marie GLANDON, Debtor.**

**M. Stephen Peters, Chapter 7 Trustee, Plaintiff,**

**v.**

**WFS Financial, Inc., Defendant.**

**Bankruptcy No. 04–37917 HRT.**
**Adversary No. 05–1166 HRT.**

United States Bankruptcy Court, D. Colorado.

Jan. 23, 2006.

Virginia M. Dalton, Pearlman & Dalton, P.C., Denver, CO, for Plaintiff.

Andrew T. Snyder, Hopp & Shore, LLC, for Defendant.

### ORDER AVOIDING LIEN

HOWARD R. TALLMAN, Bankruptcy Judge.

This case comes before the Court on Plaintiff's *Complaint* seeking avoidance of Defendant's lien in Debtor's 2004 Chevrolet Silverado pickup truck, VIN# GCHK29G64E379345 [the "Vehicle"]. The Complaint alleges that the Defendant's lien on the Vehicle is avoidable as a preferential transfer under 11 U.S.C. § 547.

### I. PROCEDURAL BACKGROUND

This matter went to trial on August 31, 2005, on stipulated facts, and the Court heard the arguments of counsel. The Court has reviewed its file in the bankruptcy case; the pleadings in this adversary case; and the stipulated facts. It has considered the arguments advanced by counsel and is ready to rule.

On October 26, 2005, this Court issued its *Order Regarding Trustee's Complaint to Recover Preferential Transfer* in the case of *Hepner v. AmeriCredit Financial Services, Inc., (In re Baker)*, 338 B.R. 470, 2005 WL 3827385 (Bankr.D.Colo.2005) ["*Baker*"]. That case involved an issue that is common to this case as well as several others that are currently pending in this division and other divisions of this Bankruptcy Court.

In *Baker*, this Court determined that, under the structure of Colorado's Certificate of Title Act, motor vehicle lien perfection does not occur until the county clerk electronically files the lien in the state's Central Registry. It may take several days for any particular county clerk to act on a lien application and perfect the creditor's lien. As a consequence, an automobile lien in this state may be vulnerable to avoidance by a bankruptcy trustee even though the creditor acted promptly to perfect its interest.

Because *Baker* is on appeal to the District Court, this Court held a status conference on December 5, 2005, with the parties involved in many of the cases that present issues similar to *Baker*. The Court was interested in getting input from the parties as to whether these cases should be ruled on in the ordinary course or whether the parties would be better served by holding cases in abeyance while the District Court considers the *Baker* appeal. The parties in this case requested that it not be held in abeyance and asked the Court to rule on the case in the ordinary course.

### II. STIPULATED FACTS

The parties have stipulated to the following facts:

1. Christie Marie Glandon [the "Debtor"] filed a Chapter 7 voluntary petition on December 30, 2004 [the "Petition Date"].

2. The Debtor resides in Adams County.

3. Plaintiff is the duly appointed trustee of the Debtor's Chapter 7 estate.

4. Defendant is a California corporation authorized to conduct business in Colorado.

5. The Debtor purchased the Vehicle on August 21, 2004.

6. The Debtor purchased the Vehicle from Century I Chevrolet, Inc. ["Century"].

7. At the time of the Debtor's purchase of the Vehicle, the Vehicle was subject to a manufacturer's certificate of origin and had not yet been titled.

8. Defendant financed the Debtor's purchase of the Vehicle under the terms of a Credit Sale Contract, Se-

curity Agreement, Financing Statement and Disclosures.

9. The Debtor incurred the debt secured by the Vehicle on August 21, 2004.

10. The Debtor took possession of the Vehicle on August 21, 2004.

11. Defendant's creation of a security interest in the Vehicle under the Credit Sale Contract, Security Agreement, Financing Statement and Disclosures constituted a transfer within the meaning of 11 U.S.C. §§ 101(54) and 547 which, pursuant to 11 U.S.C. § 547(e), occurred when it was perfected.

12. The transfer of the lien was made to or for the benefit of Defendant, in its capacity as a creditor of the Debtor.

13. The Debtor had a duty to cooperate with Defendant to provide the credit documentation requested by Defendant. The Debtor provided the last of the requested documents on September 14, 2005.

14. The Adams County Clerk received the application for title of the Vehicle and the other lien paperwork from Century, acting as Defendant's agent, on September 29, 2004.

15. As shown on the Certificate of Title, the lien was filed with the Central Registry of the Colorado Department of Revenue on October 8, 2004.

16. The 90–day preference period for the Debtor's bankruptcy case began October 1, 2004.

17. The transfer was made while the Debtor was insolvent.

18. The transfer was made for or on account of an antecedent debt owed by the Debtor before the transfer was made.

19. If perfection occurred within the ninety (90) days prior to the petition date, the transfer enabled Defendant to receive more than it would receive in this Chapter 7 case had the transfer not been made and had Defendant received payment of its debt to the extent provided by the provisions of Title 11.

20. Defendant was the initial transferee of the transfer.

21. As of August 11, 2005, Defendant has received nine monthly payments which were due on account of the lien which Plaintiff seeks to avoid.

## III. DISCUSSION

Section 547(b) provides:

Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

*A. Application of Baker*

█ The stipulated facts establish all of the elements of the Plaintiff's cause of action under § 547(b) except that the transfer took place within 90 days of the filing of the bankruptcy petition. It is stipulated that the transfer took place at the time Defendant's lien became perfected and that the 90 day preference period begins on October 1, 2004. If the Court finds that the lien was perfected after that date, then the transfer is avoidable as a preference under § 547(b).

In accordance with the Court's discussion in the *Baker* case, cited above, the Court finds that Defendant's lien on the Vehicle was perfected on October 8, 2004. That is the date that the Adams County Clerk caused Defendant's lien to be filed in the Central Registry.

*B. Equitable Lien*

█ In addition to the operation of the Colorado Certificate of Title Act, which the Court discussed in *Baker,* the Court has also considered the Defendant's argument that it's lien should be deemed perfected earlier than October 8, 2004, because it is entitled to an equitable lien on the Vehicle. Defendant argues that the Debtor delayed completing all of the paperwork for her loan application for over three weeks and that the Adams County Clerk delayed taking action for ten days after all of the proper paperwork was delivered to it. Defendant cites to *Commerce Bank v. Chambers (In re Littlejohn),* 519 F.2d 356, 359 (10th Cir.1975) and *Rushton v. Dean Evans Chrysler–Plymouth (In re Solar Energy Sales and Services),* 4 B.R. 364, 369 (Bankr.D.Utah 1980), for support.

In the case of *Hepner v. Daimler Chrysler Serv. (In re Ramey),* 338 B.R. 878, 2006 WL 531273 (Bankr.D.Colo.2006), this Court examined a similar equitable lien claim made by the creditor in that case. In this case, the Court will again analyze the equitable lien issue in some detail. After further consideration of its opinion in *Ramey,* the Court wants to clarify its view that the structure of the Colorado Certificate of Title Act virtually forecloses the possibility that a factual circumstance might arise that could justify the imposition of an equitable lien in favor of a Colorado automobile creditor.

█ "An equitable lien is 'the right, not recognized at law, to have a fund or specific property or its proceeds applied to the payment of a debt.'" *Rounds v. Sullivan (In re Sullivan),* 82 B.R. 133, 135 (Bankr.D.Colo.1988) (quoting *In re Hart,* 50 B.R. 956 (Bankr.D.Nev.1985)). "Equitable liens arise only where there is evidence that the parties intended to charge a particular property or fund as security for an obligation." *Barocas v. Bohemia Import Co., Inc.,* 33 Colo.App. 263, 518 P.2d 850, 852 (1974) (citing *American Investors Life Insurance Co. v. Green Shield Plan, Inc.,* 145 Colo. 188, 358 P.2d 473 (1961); *School District No. 3 v. Central Savings Bank & Trust Co.,* 113 Colo. 487, 159 P.2d 361 (1945); *Valley State Bank v. Dean,* 97 Colo. 151, 47 P.2d 924 (1935); *Clatworthy v. Ferguson,* 72 Colo. 259, 210 P. 693 (1922)). "A principal issue in determining the existence of an equitable lien ... is whether the creditor has done all it reasonably can do to perfect its lien, but nevertheless is thwarted by the uncooperativeness of the debtor." *Solar Energy Sales,* 4 B.R. at 370; *see, also, O.P.M. Leasing,* 23 B.R. at 119 ("The doctrine is further limited to situations where a se-

cured creditor is prevented from perfecting its interest by an uncooperative debtor.").

■ As an initial matter, the Court doubts its authority to recognize an equitable lien in a motor vehicle covered by Colorado's Certificate of Title Act. The Colorado legislature has made it clear that the only route to perfection of an automobile lien in this state is by following the procedures mandated by the Act. The statute reads in pertinent part:

> Except as provided in this section, the provisions of the "Uniform Commercial Code", title 4, C.R.S., relating to the filing, recording, releasing, renewal, and extension of chattel mortgages, as the term is defined in section 42–6–102(6), shall not apply to motor vehicles. Any mortgage or refinancing of a mortgage intended by the parties to the mortgage or refinancing to encumber or create a lien on a motor vehicle, or to be effective as a valid lien against the rights of third persons, purchasers for value without notice, mortgagees, or creditors of the owner, shall be filed for public record.

Colo.Rev.Stat. § 42–6–120(1).

But, even if recognition of an equitable lien is not foreclosed by the language of the Certificate of Title Act, it is not supported by the case law. Under Colorado law, the debtor's actions must have prevented the creditor from perfecting its lien in order for an equitable lien to arise. But, under the Colorado Certificate of Title Act, the debtor cannot prevent a creditor from filing its lien with the county clerk's office. Two Tenth Circuit opinions on the subject are instructive.

*Commerce Bank v. Chambers (In re Littlejohn)*, 519 F.2d 356 (10th Cir.1975), was decided under a Kansas statute that required the lienholder to deliver the lien paperwork to the vehicle purchaser. It was then the duty of the purchaser to perfect the lien by making application for a new vehicle title. In that case, the bank did deliver the old title with its lien noted on the title to the Littlejohns at the time of the purchase. They never did apply for a new title and filed a bankruptcy petition some six months after the purchase. The bankruptcy referee and the district court found that the bank's lien was unperfected on the petition date. On appeal, the Tenth Circuit created an equitable exception to a strict construction of the Kansas statute. It reasoned that, because the creditor's lien was noted on the old title, absent fraud, it would give adequate notice to any potential purchaser and the creditor should not be penalized for the Littlejohns' failure to comply with their obligation.

But, in the case of *Lentz v. Bank of Independence (In re Kerr)*, 598 F.2d 1206 (10th Cir.1979), under a set of facts substantially similar to the *Littlejohn* case, the Tenth Circuit explicitly abandoned the rule it announced in *Littlejohn* as it applied to the Kansas motor vehicle title statutes. The reason was not that it found any infirmity in the reasoning that it had applied in *Littlejohn*, but that Kansas had changed its law. In *Kerr*, the new version of the Kansas statute that the court considered gave Kansas automobile creditors an alternative method to perfect their liens. Under the new law, the creditor could perfect its lien by submitting a lien notification directly to the state. Because the creditor in *Kerr* had not taken advantage of that alternative, it had not done all that it could to perfect its lien by simply noting its lien on the old title and giving it to the purchaser to file with the state. Under those circumstances, the equitable exception crafted in *Littlejohn* had no application.

*Littlejohn's* equitable exception stood only as long as the Kansas statute was

structured in such a way that the creditor was compelled to depend upon the debtor to file the title with the state. But once the Kansas legislature gave creditors an alternative, so that an uncooperative debtor could no longer thwart the creditor's timely perfection, then the Tenth Circuit no longer recognized that equitable exception in relation to the Kansas statute.

Here, the Colorado statute does not depend upon the cooperation of the debtor for the creditor's lien perfection. Under the Colorado Certificate of Title Act, the creditor submits the lien paperwork directly to the county clerk's office. Thus, the circumstances that gave rise to *Littlejohn* cannot occur in relation to perfection under the Colorado statute. That point is underlined in the *Solar Energy Sales* case cited by the Defendant. That court made the point that the critical factor leading courts to recognize an equitable lien is uncooperativeness of the debtor that prevents a creditor from timely perfecting its lien. 4 B.R. at 370.

■ In this case, the Debtor took possession of the Vehicle before the Defendant had gotten all of the documentation that it requested from her. Century, acting as the Defendant's agent, was in total control of when the Debtor received possession of the Vehicle. It apparently made the business decision to turn over possession of the Vehicle before it had complete documentation from the Debtor. It is not the function of equity to rescue parties from the consequences of their own unilateral decisions. *See, e.g., Heifetz Metal Crafts, Inc. v. Peter Kiewit Sons' Co.*, 264 F.2d 435, 439 (8th Cir.1959) ("the conscience of equity cannot ordinarily be invoked to obtain relief for unilateral mistake occasioned by the plaintiff's own fail-

ure to have exercised ordinary diligence in relation to some contractual feature."). The equitable relief crafted in *Littlejohn* rescued the lender from the debtors' malfeasance in a situation where the statute required the lender to depend on the debtor to take the final step to perfect the lien. Defendant in this case was only vulnerable to the delay in receiving documents from the Debtor because its agent put the Defendant in that position by handing over possession of the Vehicle before having the documents in hand.[1]

Nor does the Court believe the ten day delay between delivery of the lien paperwork to the Adams County Clerk and entry of the lien in the Central Registry is relevant to the issue of an equitable lien. That delay was the result of the design and operation of Colorado's Certificate of Title Act, not the fault of the Debtor. For the Court to recognize an equitable lien in this case would require the Court to use its equitable jurisdiction to justify rewriting the Colorado Certificate of Title Act. To attempt to do so would clearly exceed this Court's role of interpreting and applying statutes as written.

In another bankruptcy case decided in this district, Judge Brown addressed the question of an equitable lien asserted in the case of *Lewis v. Hare (In re Richards)*, 275 B.R. 586 (Bankr.D.Colo.2002). In that case, Judge Brown found that an automobile creditor's claim of an equitable lien was an unperfected interest that was avoidable by a bankruptcy trustee using his strong-arm powers under § 544. *Id.* at 591–92 ("[U]nder Colorado law, the Trustee, as a hypothetical lien creditor, prevails over the equitable (unperfected) lien claim

---

1. The Court also notes in passing that it took Century 15 days, from September 14th to September 29th, to file its lien paperwork with the Adams County Clerk after it received documentation from the Debtor.

of the Creditor.").[2]

## IV. CONCLUSION

As the Court discussed in *Baker*, a motor vehicle lien in Colorado is not perfected at the time that a lender delivers its lien paperwork to a county clerk's office. It is only perfected after the clerk's office has performed its obligation to examine the lien paperwork and has finally entered the lien into the state's electronic Central Registry.

Perfection of a security interest in a motor vehicle cannot be accomplished by means of an "equitable lien." The circumstances that persuaded the Tenth Circuit to recognize an equitable lien under the Kansas motor vehicle statutes in *Littlejohn* are notably absent in the Colorado Certificate of Title Act. Specifically, under that early version of the Kansas statute, a creditor's lien could only be perfected when the debtor filed for a new title. The Colorado statute does not place the creditor in the position of depending upon the debtor to perfect its lien.

The Defendant's lien was perfected on October 8, 2004, the date that the Adams County Clerk filed the lien in the state's Central Registry. That placed the date of the transfer some eight (8) days into the ninety (90) day preference period. The parties stipulated to the remaining facts that establish the Plaintiff's right to avoid the Defendant's lien under § 547. Therefore, it is

**ORDERED** that the Court will enter JUDGMENT in favor of Plaintiff and against Defendant, pursuant to 11 U.S.C. §§ 547(b) and 550(a)(1), avoiding the transfer of a lien to Defendant against a 2004 Chevrolet Silverado pickup truck, VIN# GCHK29G64E379345, owned by the Debtor. The avoided lien is hereby preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551. It is further

**ORDERED** that Plaintiff is entitled to money judgment against Defendant in an amount equal to all payments which have, to the date of judgment, been made by or on behalf of the Debtor to the Defendant plus costs. Defendant is directed to advise Plaintiff, within ten (10) days, of the amount of those payments; and Plaintiff is directed to provide the Court with a form of judgment.

---

**2.** The topic of equitable liens raises two distinct questions. The first is whether there is an equitable interest that is enforceable as between the parties to the transaction; the second question is whether the interest is a perfected interest that is enforceable against third parties. The Tenth Circuit omitted any discussion of that distinction in its *Littlejohn* and *Kerr* opinions. Those opinions use the term to refer to an interest that is enforceable against third parties. This Court has done the same for the purpose of comparing the facts of this case to those Tenth Circuit precedents.